MARGARET A. ARTHUR v. REDFORD CAVERLY AND
SUSANNAH CAVERLY.

*Married woman—Liability upon covenants in deed.*

A wife who joins with her husband in a warranty deed of his
land, the sole consideration for which is the conveyance to her
of other land, is jointly liable with him for a breach of the
covenants in said deed.[1]

Error to Huron. (Beach, J.) Submitted on briefs
October 31, 1893. Decided December 8, 1893.

*Assumpsit.* Plaintiff brings error. Reversed, and judg-
ment entered · for plaintiff. The facts are stated in the
opinion.

*W. T. Bope,* for appellant.

*T. B. Woodworth,* for defendants.

McGRATH, J. Plaintiff owned certain village property,
and defendant Redford Caverly was the owner of a farm.
An agreement was entered into between plaintiff and Red-
ford Caverly for an exchange, and the same was made.
The defendant Susannah Caverly, wife of Redford, joined
in the deed of the farm to plaintiff, and plaintiff conveyed
the village property to Susannah Caverly. Plaintiff claims
that Redford Caverly represented that there were but two
mortgages on the farm, whereas there were three. The
deed from the Caverlys was a warranty deed, excepting

---

[1] For cases involving the liability of a wife upon contracts entered
into jointly with her husband, see *Heinmiller v. Hatheway,* 60
Mich. 391; *Post v. Shafer,* 63 Id. 85; *Insurance Co. v. Savings
Bank,* 68 Id. 116; *Fechheimer v. Peirce,* 70 Id. 440; *Littlefield v.
Dingwall,* 71 Id. 223; *Speier v. Opfer,* 73 Id. 35; *Wilson v. Wilson
Estate,* 80 Id. 472; *Wineman v. Phillips,* 93 Id. 231. See, also,
*Gillespie v. Beecher,* 94 Id. 374, as to the rights of a wife under a
joint lease to herself and husband:

the two mortgages from the warranty, but not the third. Plaintiff has paid off the 'mortgage in question, and sold the farm. She now brings *assumpsit* to recover the amount paid, joining husband and wife as defendants. The court below found that the only evidence connecting defendant Susannah Caverly with any promises or agreement is the covenant in the deed, and that such covenant was that of her husband only; that plaintiff sues in *assumpsit* upon the covenants in the deed; that said deed was a warranty against all incumbrances except two mortgages; that the amount agreed upon as the amount unpaid on the two mortgages was $1,013; that at the time of the execution of the deed by defendants there was a third mortgage unpaid, in the sum of $436, which plaintiff has since been obliged to pay; that the consideration paid by plaintiff for the deed was wholly paid to defendant Susannah Caverly by virtue of the conveyance to her; that such consideration was so paid, and said conveyance so made, at the request of defendant Redford Caverly; and that said deed was accepted by her, and recorded.

The court erred in rendering judgment for defendants upon these facts. The defendant Susannah Caverly received the entire consideration for the conveyance in which she joined. She must be presumed to have known the purpose of that conveyance, and the condition of the title to the property thereby conveyed. A wife who joins with her husband in a deed of lands for the purpose of securing the conveyance to herself of other property cannot be said to be acting as a surety for her husband. She is, in such case, contracting with respect to property to be held and owned as her separate estate.

In *Russel v. Bank*, 39 Mich. 671, it was held that, had the wife's transfer of the note been made for any purpose of her own, her liability could not have been questioned. In *Johnson v. Sutherland*, Id. 579, the rule is laid down

that a married woman's promise to pay must be based on a consideration in the shape of property, and that she has no power to make contracts except concerning her separate estate, which must be either by making agreements concerning property already possessed, and referring to it, or else concerning property acquired by the contract, or in consideration of it. In either case, if the obligation was entered into for her own purpose, or the agreement was concerning property to be acquired by her in consideration of the contract, the fact that her obligation was in form that of a surety or an indorser would make no difference.

The wife was under no disability, for the reason that she was contracting for property which was to be and become her own. We think, therefore, that the wife was liable upon the covenants in the deed, and the judgment is reversed, and judgment entered here for plaintiff.

The other Justices concurred.