AGAR v. STREETER.

1. SPECIFIC PERFORMANCE — EXECUTION OF OPTION — EVIDENCE — CONTRACTS.

In a suit for specific performance of a lease and option to purchase land which the wife of defendant claimed she had never executed, evidence reviewed, and *held*, to sustain the finding of the circuit court that she, in fact, executed the option.

2. SAME—FRAUDS, STATUTE OF—OPTION—CONSTRUCTION—TENDER.

By tendering the amount of money required by an option to purchase land within the period limited by the writing, complainant became entitled to a deed of the property without accepting in writing the terms of the agreement.

3. DEEDS—WITNESSES—CONTRACTS.

A properly signed deed is valid between the parties, even if it is not attested by two witnesses as required by statute (3 Comp. Laws, § 8962, 4 How. Stat. [2d Ed.] § 10824).

4. SAME—HUSBAND AND WIFE—DOWER—HOMESTEAD.

The wife must join in executing a deed of lands owned by her husband to release her dower interest. If the homestead is conveyed, she is a necessary party to the instrument of conveyance. Const. Art. 14, § 2.

5. SAME.

A married woman may bar dower by joining in and by acknowledging the deed of her husband. 3 Comp. Laws, § 8930; 4 How. Stat. [2d Ed.] § 10922; and the instrument may extend further than merely barring dower, as, for instance, where the wife received all the consideration, she has been held to be liable upon the covenant against incumbrances.

6. HUSBAND AND WIFE—DOWER—DEEDS.

Usually, when the wife joins in the conveyance of the husband's property, the covenants being in form joint, such covenants are not hers, but are his only; if it is made to appear that the sole consideration passed to the wife,

with the husband's consent, the covenants will be treated
as joint.  The fact may be shown by evidence *aliunde*.
If she executes a deed with her husband, such as would
be required to convey her statutory rights, no purpose
to affect any independent interest possessed by the wife
will be inferred, and declarations in the body of the in-
strument are usually of no significance.

7. SAME—ENTIRETY, ESTATE BY.
    Neither husband nor wife can alone alien an estate held
    by them by the entirety.

8. SAME—HUSBAND AND WIFE.
    Omitting to name the wife in the body of the instrument
    as one of the grantors is not fatal to an option contained
    in a lease duly executed by her and her husband, to con-
    vey property jointly owned by them.

Appeal from Tuscola; Beach, J.  Submitted No-
vember 12, 1914.  (Docket No. 84.)  Decided Decem-
ber 19, 1914.

Bill by Thomas Agar and Jonathan Agar against
Daniel W. Streeter and Annie E. Streeter for specific
performance.  Decree for complainants.  Defendants
appeal.  Affirmed.

*H. H. Smith* (*Black & Black*, of counsel), for ap-
pellants.

*Brooker & Corkins*, for appellees.

OSTRANDER, J.  The bill is filed for specific per-
formance of a contract for the sale of real estate.  So
far as the facts are concerned, the defense is predi-
cated upon the denial of defendant Annie E. Streeter
that she ever signed the instrument relied upon by
complainants or was a party thereto.  The lease and
option relied upon describes the premises as a strip
40 feet wide and 8 rods long.  It is so described in
the bill.  The decree, which recites that the trial court
finds that defendant Annie E. Streeter signed the

lease and option understandingly and with the intention and purpose of uniting therein as one of the lessors and optioners, orders the defendants to execute and deliver to the complainants a sufficient conveyance of the premises described in the option and lease upon payment to them of the sum of $449.70, which is the amount of the purchase price less the amount allowed to complainants as costs. The defendants appeal, insisting that the defendant Annie E. Streeter never signed the instrument, asserting also that it and what was done in respect to it is insufficient in law:

(*a*) Because the undisputed testimony shows that they owned but 33 feet by 8 rods, and not 40 feet by 8 rods.

(*b*) Because the option and lease on its face purports to be made by Daniel W. Streeter alone.

(*c*) Because (and this is predicated upon the last-stated contention) the husband signed the lease in the forenoon and the wife in the afternoon, neither being present when the other executed the instrument, the contract appearing on its face to have been made by the husband alone and as his individual act; the wife could not join with him in a valid contract to sell the property by the simple act of signing her name thereto.

(*d*) Because the option was void under the statute of frauds because not accepted in writing.

I am satisfied, after reading the record and after an examination of the handwriting of the defendant Annie E. Streeter and of her alleged signature to the lease and option, that she signed the lease, and that the finding and conclusion of the trial court as to this fact must stand. The giving of the option was part of a single transaction agreed upon between the parties. The tender of the money within the time limited was sufficient to make the contract otherwise evidenced by the option mutual and binding upon both parties. I have no doubt that both defendants under-

took to do whatever was necessary to be done, and that complainants relied upon what defendants did as securing to them what they had bargained for. The serious question is whether the instrument relied upon as giving an option is, for that purpose, legally effective. Assuming the bargain to have been that defendants were to convey to complainants certain property and give them a lease for five years of the strip of land in question and an option that the vendees might buy the strip at any time during the five years for $500, for which the complainants paid $4,000, the necessary legal evidence of the bargain must have been contemplated. A properly drawn and properly executed lease and option was a part of the necessary legal evidence of the bargain.

There are many decisions to be found which sustain the proposition that the estate of one who signs, seals, and acknowledges a deed, but is not described therein as grantor with apt words to indicate the estate and interest intended to be conveyed, does not pass by the deed, and it has been many times held that a joint deed executed by husband and wife, which omits the name of either as grantor, is inoperative as a conveyance of the interest of the one whose name is omitted. A considerable collection of cases has been made by counsel, and such a collection is to be found in a note to *Sterling* v. *Park,* 129 Ga. 309 (58 S. E. 828, 13 L. R. A. [N. S.] 298, 121 Am. St. Rep. 224), as reported in 12 Am. & Eng. Ann. Cas. 201, 203. See, also, 13 Cyc. p. 538; 21 Cyc. p. 1203. No analysis of these cases is attempted, although it may be remarked that a considerable number of them are based upon some statute requirement as to the form of the conveyance, others follow the early decision in *Catlin* v. *Ware,* 9 Mass. 218 (6 Am. Dec. 56). In that case a wife signed and sealed a deed in which she joined with her husband for the purpose evidently of

releasing or barring her dower; she having no other interest. She was not otherwise mentioned in the deed. The conclusion that the deed was ineffectual to bar dower was rested upon the ground that a deed cannot bind a party signing and sealing it unless it contains words expressive of an intention to be bound.

The statute requisites of a deed in Michigan are that it be executed in the presence of two witnesses, who shall subscribe their names to the same as such. 3 Comp. Laws, § 8962; 4 How. Stat. (2d Ed.) § 10824. But as between the parties deeds not witnessed are good. *Fulton* v. *Priddy*, 123 Mich. 298 (82 N. W. 65, 81 Am. St. Rep. 201); *Carpenter* v. *Carpenter*, 126 Mich. 217 (85 N. W. 576). As to lands owned by the husband, the wife joins in his deed for the purpose of releasing dower, and if the homestead is conveyed she is a necessary party to the deed because she has a peculiar interest in the premises by reason of the family relation and must join with her husband in conveying it. In practice it is usual, in every case where a married man conveys real estate, to name his wife in the body of the deed, in which, usually, she appears to have joined in making all of the covenants of the deed. Whether the purpose is to release the homestead interest, or to bar dower, the form of the deed is usually the same. The Constitution (article 14, § 2) provides that the alienation of the homestead by the owner, if a married man, shall not be valid "without the signature of the wife to the same." A married woman may bar her dower in any estate conveyed by her husband by joining in the deed of conveyance and acknowledging the same. 3 Comp. Laws, § 8930, 4 How. Stat. (2d Ed.) § 10922; *Maynard* v. *Davis*, 127 Mich. 571 (86 N. W. 1051). It would not be entirely safe, however, to conclude that the signature and acknowledgment by the wife to a

deed in which she joined with her husband as grantor in conveying land owned by him amounted to no more than barring her dower.   Where a wife joined with her husband in a warranty deed of his land and the sole consideration was paid to her, she was held jointly liable with her husband for a breach of the covenant against incumbrances.   *Arthur* v. *Caverly*, 98 Mich. 82 (56 N. W. 1102).   Decision was put upon the ground that she was contracting with respect to property to be held and owned as her separate estate. A married woman who held a recorded mortgage upon her husband's land, which they occupied as a homestead, joined with him in a second mortgage upon the land.   In a foreclosure of the second mortgage, it was claimed that in joining with her husband in giving the mortgage the wife had subjected her own mortgage interest to the lien of the junior mortgage.   It was held that the execution by the wife of her husband's deed of any sort implies that she executes it for the purposes for which the statute requires such execution in order to make the husband's deed effective; that if the intention is to affect any independent interest of her own it is reasonable to expect some special provision in the instrument showing specifically in what manner and how far her separate interests are intended to be affected.   *Kitchell* v. *Mudgett*, 37 Mich. 81.   A wife joined with her husband in giving a warranty deed of land in which he had a life estate, and the wife had a contingent interest as heir of her husband, created by the will of the husband's ancestor, by which the life estate was also created.   It was said:

"In *Arthur* v. *Caverly*, 98 Mich. 82 [56 N. W. 1102], it was held that a married woman uniting with her husband in a warranty deed of his property is liable on the covenant when she obtains all the consideration, which, in that case, was a conveyance to

her of other property. The record in the instant case does not disclose for what purpose the wife signed the deed, as she had no dower interest; the husband's interest being simply a life estate. The burden was upon the complainant to show for what purpose she joined in the instrument, and to prove it clearly, and to show that she had brought herself within the rule above set forth. *Mutual Benefit Life Ins. Co.* v. *Savings Bank,* 68 Mich. 116 [35 N. W. 853]. This complainant has failed to do, and it necessarily follows that the wife's signature to the instrument was a nullity, and did not bind her subsequently acquired estate." *Menard* v. *Campbell,* 180 Mich. 592 (147 N. W. 556).

From these cases I deduce the following rules:

(1) Usually, when a wife joins in the deed of her husband of his property, the covenants in the deed being in form the joint covenants of both of them, the covenants are not hers but are his only.

(2) If, however, it is made to appear that the sole consideration for the deed was received by her and was by her husband so intended, the covenants will be treated as the joint covenants of husband and wife. The fact may be shown by evidence *aliunde* the deed.

(3) While a wife may convey her separate interest in land as though she were unmarried, if the deed she executes, with her husband, is a proper and suitable instrument for the release of her dower or for consenting to the alienation of the homestead—such an one as she would be expected to execute if she had no independent interest—no purpose to affect her independent interest can be implied.

It is perceived that as affecting the wife the declarations in the body of the instrument are usually of no significance. The significant thing is that she joins her husband in executing the deed.

Neither the husband nor the wife can alone alien an estate held by them by the entireties. A deed or mortgage of such an estate executed by either, alone, is a nullity, before and after the death of the non-

consenting spouse. *Naylor* v. *Minock*, 96 Mich. 182
(55 N. W. 664, 35 Am. St. Rep. 595). At least, if the
conveyance is to a third party. *Wilkinson* v. *Knee-land*, 125 Mich. 261, 264 (84 N. W. 142). A wife has
no dower interest in such an estate, or in such interest
as her husband has therein. To convey such an
estate, one of them joins in the deed for the same
reason that the other joins in it, and to accomplish
the same purpose, namely, to alien the estate. Nothing can be accomplished except by joint action, and
therefore they act jointly.

Defendants stand in the position of joint grantors,
who must act jointly or not at all if the estate or any
interest in it is to be aliened. In the instrument relied upon as conveying an interest therein one is
named as grantor; the other is not named. Both
have signed it, and both signatures are witnessed by
two witnesses. Following the reasoning of our own
decisions, to some of which I have referred, the implication is, and it is the only reasonable one, that the
wife, one of the joint owners, signed the deed in order
to make the instrument effective. We are permitted
to adopt, and I think should adopt, the rule that in
such a case the failure to name the wife as grantor
in the body of the deed or other instrument of conveyance is not fatal. I quote and approve the language and conclusion of the Georgia supreme court
in *Sterling* v. *Park, supra.* After referring to a large
number of authorities, it is said (page 312 of 129 Ga.
[58 S. E. 829, 13 L. R. A. (N. S.) 303, 121 Am. St. Rep.
226, 12 Am. & Eng. Ann. Cas. 202]) :

"Most of these decisions were based upon the
ground that a wife could not relinquish her right of
dower unless the conveyance contained apt words expressive of such intent. But the weakness of the reasoning, in our judgment, is the clinging to an ancient
rule of the common law which grew out of the en-

vironment and civilization of the sixteenth century, when such conditions do not exist in our own civilization. As was very pertinently said by Woodbury, J., in *Elliot* v. *Sleeper*, 2 N. H. 525, decided as early as 1823:

> " 'Here, however, a deed must by statute be attested; and since seals have ceased to be distinguished by peculiar devices, and education has become more generally diffused, signing would seem to be proper and indispensable. When a deed is signed, the utility of naming the grantor in the premises or any part of the body of the instrument appears in a great measure superseded; for "know," says Perkins, § 36, "that the name of the grantor is not put in the deed to any other intent but to make certainty by the grantor." Bacon's Ab. "Grant" C. This certainty is attained whenever a person signs, seals, acknowledges, and delivers an instrument as his deed, though no mention whatever be made of him in the body of it; because he can perform these acts for no other possible purpose than to make the deed his own. In a deed poll, like that under consideration, where only the grantor speaks or signs or covenants, there is still less danger of mistake and uncertainty concerning the party bound, than in deeds indented.'

"In agreement with the New Hampshire case are *Armstrong* v. *Stovall*, 26 Miss. 275; *Ingoldsby* v. *Juan*, 12 Cal. 564; *Hrouska* v. *Janke*, 66 Wis. 252 (28 N. W. 166). Text-writers now very generally discard as unsound the proposition that the grantor should be named as such in the deed, and approve those cases which hold that the conveyance is operative when signed by the grantor, though his name be omitted from the body of the instrument. 3 Washburn on Real Prop. 2120; 1 Devlin on Deeds, § 204.

"The requisites of a deed under the Code are that it must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser or some one for him, and be made on a valuable or good consideration. No prescribed form is essential to the validity of a deed, and the instrument will be deemed sufficient if it make known the transaction. Civil Code, §§ 3599, 3602. We think that the deed under discussion measures up to these statutory essentials and is effective as a conveyance of the de-

fendant and her coremainderman, though their names are not mentioned in the body of the instrument. See, in this connection, *Ball* v. *Wallace,* 32 Ga. 170."

See, also, *Sloss-Sheffield Steel, etc., Co.* v. *Lollar,* 170 Ala. 239 (54 South. 272) ; *Barrett* v. *Cox,* 112 Mich. 220 (70 N. W. 446).

It is probable that if the weight of authority depends upon the number of decisions, old and new, my conclusion is opposed to the weight of authority. See *Cordano* v. *Wright,* 159 Cal. 610 (115 Pac. 227, Ann. Cas. 1912C, 1044), and cases cited in opinion. I conclude that the instrument creating the option was not, for that purpose, invalid.

It is singular that there should be a dispute, at least a failure to agree, about the width of the strip defendants own. Record evidence of title does not appear to have been produced by either party. Complainants can gain no title, through a deed from defendants, to land defendants do not own. The bill is framed according to no theory of an abatement of the purchase price to correspond with the quantity of land defendants own. The evidence upon the subject, aside from the oral statements of defendants, or one of them, is found in the lease and option in which defendants assert title to 40 feet. If the defendants own but 33 feet, there ought not to be two suits to adjust differences which should be settled in one. However, as the record stands, there appears to be no warrant for modifying the decree.

It is therefore affirmed, with costs to appellees.

MCALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.