FRISCHKORN v. FITZGERALD.

1. SPECIFIC PERFORMANCE—OPTIONS—VALIDITY—FRAUDS, STATUTE OF.

In a suit for the specific performance of a 90-day option contract for the purchase of land, defendant's contention that the contract was void because not accepted in writing, as required by the statute of frauds, cannot be sustained where, after defendant's refusal to perform, this suit was commenced within the 90 days, and the proofs show that plaintiff paid into court the down payment called for, and tendered a note and mortgage as provided in the contract, with a written statement that he was ready to sign same when deed to him was made.

2. SAME—OVERREACHING—EVIDENCE—SUFFICIENCY.
   Defendant's contention that he was overreached and defrauded, *held*, not sustained by the record.

3. SAME—INCREASE IN VALUE DUE TO BUYER'S ACTIVITY NOT GROUND FOR REFUSING PERFORMANCE.
   Defendant's contention that the contract should not be enforced because the land in question, soon after the contract was made, greatly increased in value, is without force where it appears that it was plaintiff's activity that caused the increase, and that without it said land would not have sold for the contract price.

Appeal from St. Clair; Tappan (Harvey), J.   Submitted June 7, 1921.   ( Docket No. 12.)   Decided July 19, 1921.

Bill by Ephraim S. Frischkorn and another against Fred Fitzgerald for the specific performance of an optional land contract.   From a decree for plaintiffs, defendant appeals.   Affirmed.

*Frank R. Schell*, for plaintiffs.

*Thomas Wellman*, for defendant.

MOORE, J.   Plaintiffs seek specific performance of an alleged option contract for the purchase of land, by which defendant, in consideration of $100, granted to plaintiffs or their assigns the privilege of buying the property in dispute for the sum of $8,000 within 90 days from the date of the option.   Payments to be made, $1,900 within 10 days after abstract is furnished, and $6,000 in form of mortgage running 5 years with interest at 6 per cent. payable semiannually.   Plaintiffs allege tender of performance on their part and refusal to perform on part of defendant.   Defendant justifies his refusal to perform on the grounds that the written memorandum does not embody or express the contract as made, if any; that he was overreached and imposed on; that there was

no written acceptance by plaintiffs as required by the statute of frauds; that there was no sufficient tender of performance on the part of plaintiffs; and that it would be inequitable to enforce the contract.

It appears that in the early part of the year 1919, Messrs. Wills and Lee, automobile manufacturers, commenced to quietly carry out a plan of acquiring ownership of a large tract of land to be subsequently organized into the village of Marysville, in which it was designed to locate manufacturing plants and establish a city.

Plaintiff was employed by Wills and Lee to assist in securing title to part of the land for the company within the borders of the proposed city. On July 17, 1919, plaintiff obtained from defendant a paper which is the subject of this controversy. Differences arose between the parties. On September 4th, the bill of complaint in this case was filed and $1,900 and an unsigned note and mortgage for $6,000 was deposited with the clerk of the court. Trial was had and a decree entered for plaintiffs. Defendant appeals.

This litigation involves the construction of a paper made July 17, 1919, reading in part as follows:

"That the said party of the first part in consideration of the sum of one hundred dollars to him in hand paid by the said party of the second part does hereby agree that he shall and will at any time within ninety days from the date hereof, execute and deliver to him, or to any person or persons as he, the said party of the second part, shall direct, in writing, a good and sufficient warranty deed of the following described land * * * for the sum of eight thousand dollars payable as follows: Nineteen hundred dollars within ten days from date that an abstract showing good marketable title is furnished second party; balance of six thousand dollars to be in form of mortgage for five years with interest at 6 per cent. payable semi-annually. * * *

"It is agreed by and between the parties hereto that

if the said party of the second part at the expiration of the aforesaid limited time shall have declined or omitted (to make application for) the purchase of said land at the price aforesaid, then this instrument shall be void and above sum of one hundred dollars so paid as aforesaid Fred Fitzgerald shall be forfeited.
\*   \*   \*

"In witness whereof the said Fred Fitzgerald, E. S. Frischkorn, have hereunto set their hands and seals the day and year first above written.     In duplicate.

"FRED FITZGERALD     (Seal)<br>
X His Mark.<br>
"E. S. FRISCHKORN (Seal)

"In presence of FRANK N. RENAUD,<br>
"Mrs. J. L. BAIRD."

The paper was acknowledged by Mr. Fitzgerald, but was not acknowledged by Mr. Frischkorn.

Several reasons are assigned by appellant why the bill of complaint should be dismissed.   We shall discuss but two of them.   We cannot do better than quote from the brief of counsel, as follows:

"Defendant contends that at the time of the attempted tender there was no contract in existence for the sale of the real estate involved.

"If we go so far as to assume that there was outstanding a continuing offer to sell the land by defendant, still there was no contract to sell until it was accepted in all its details by plaintiff and inasmuch as the acceptance on the part of the plaintiff carried with it an obligation to execute a mortgage, the acceptance, to be valid, must be in writing."

Counsel cites 3 Comp. Laws 1915 § 11975; *Wardell* v. *Williams*, 62 Mich. 50, and other cases.   A reading of those cases show them easily distinguishable from the instant case.

In the case before us plaintiff offered testimony tending to show that within a few days after the contract was drawn he notified defendant he was ready to perform his part, he made tender of $1,900, and

a duly drawn mortgage and notes which he advised defendant he was ready to give as soon as defendant made him a deed, so that he had a right to mortgage the land. Within 90 days mentioned in the contract plaintiffs filed this bill for specific performance in which

"Plaintiffs pray leave to bring into court here the said sum of nineteen hundred dollars and a mortgage upon said premises for six thousand dollars payable in five (5) years, with interest at six per cent. per annum, payable semi-annually, to be signed and acknowledged by plaintiff and his wife, Marie E. Frischkorn, and duly witnessed, and a note for a like amount, payable in like time, with like interest, and payable on like terms, signed by said Ephraim S. Frischkorn, being the full amount of the purchase price for said premises remaining unpaid on said agreement, which plaintiffs agreed to pay and deliver, and ought to and are willing to pay and deliver, in full performance of said agreement by plaintiffs."

The plaintiffs also paid into court $1,900 and left with the clerk a form of mortgage and note accompanied by a written statement that they were ready to execute them. With reference to this situation counsel for appellant expresses himself as follows:

"Let me state the question clearly from my viewpoint: Where an option for the purchase of real estate requires the purchaser to give back a mortgage thereon as part of the consideration; and the optionee fails to accept the offer in writing, does the filing of a bill in a court of chancery, before the time limited in the option expires for the acceptance thereof, asking specific performance thereof, supply the lack of mutuality and impose an equality of obligation? After a careful examination of the Michigan cases the writer has been unable to find that this question has been expressly passed upon by the Michigan court."

Inasmuch as the bill of complaint was filed and the offers mentioned were all made before the 90-day

period, we think counsel will search in vain for a well considered case which will hold that the statute of frauds was not satisfied.    See *Wilcox* v. *Cline*, 70 Mich. 517; *Mull* v. *Smith*, 132 Mich. 618; *Agar* v. *Streeter*, 183 Mich. 600 (L. R. A. 1915D, 196, Ann. Cas. 1916E, 518) ; and cases to be found in note to section 11975, 3 Comp. Laws 1915.

The other question calling for discussion is stated by counsel as follows:

"Did the parties deal at arm's length?    Assuming, however, for the purpose of this argument, that the writing assumed the second stage of its evolution and became a limited privilege or option, is it valid?

" 'Where the simplicity and credulity of parties are taken advantage of by the shrewdness, overreaching and misrepresentation of the other party, and they are thereby induced to do unwittingly something the effect of which they do not intend, foresee, or comprehend, and which, if permitted to culminate, would be shocking to equity and good conscience, a court of equity may with propriety interpose.' *Sorge* v. *Dickie*, 199 Mich. 251."

Counsel cites other cases.    He also calls attention to the age and physical condition of defendant and to the fact that the property soon after greatly increased in value.    Defendant after this contract was given sold 80 acres of land for $12,000.    He had always done his own business.    No one questioned his competency to do so.    The people who were present when the paper was drawn testify he appeared to fully understand what he was doing.    He was a witness.    His testimony indicates mental clearness.    The fact that property in that vicinity later became valuable was due entirely to the activities of the people for whom the plaintiffs were acting.    Without those activities the record indicates that the 40 acres could not have been sold for anything near $8,000.    No false statements or misrepresentations were made.    We agree

with the trial court that defendant understood what he was doing; that there was no fraud or overreaching, and that specific performance was properly decreed.

The decree is affirmed, with costs to the plaintiffs.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.