SHILLER *v*. LANGE.

SPECIFIC PERFORMANCE — OPTIONAL LAND CONTRACTS — FILING OF BILL WITHIN LIFE OF CONTRACT EQUIVALENT TO ACCEPTANCE.

On a bill for the specific performance of a 90-day optional contract for the purchase of a house and lot "upon the delivery of an agreement to purchase," where said bill was filed within the life of said option, with copy of contract attached, it was equivalent to an acceptance of the option, entitling plaintiff to a decree.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 27, 1921. (Docket No. 38.) Decided December 22, 1921.

Bill by Bernard Shiller against Harriet Lange and another for the specific performance of an optional land contract. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Leon Dreifuss*, for plaintiff.

*Felix A. Doetsch*, for defendants.

MOORE, J. The defendants are mother and daughter. On September 29, 1919, they gave the plaintiff an option reading:

"For and in consideration of the sum of one dollar, and other valuable considerations, to us in hand paid by Bernard Shiller, we, the undersigned, hereby give unto said Bernard Shiller, or his assigns, the option to purchase property situated in the city of Detroit, county of Wayne and State of Michigan, and more particularly described as 764-764½ Concord ave., east side of street, for the sum of $7,275, upon the following terms and conditions: $75 to be paid upon the delivery of an agreement to purchase, and

the balance as follows: $1,200 upon the delivery of a Burton or Union Trust form land contract, and the balance in monthly payments of $60 or more, including interest at the rate of 6 per cent.

"We hereby agree to deliver an abstract certified to date, showing good and merchantable title, said property to be free and clear from all incumbrances except: No incumbrances whatsoever.

"This option to be in force for the period of ninety days.

"We also agree that said Bernard Shiller may place on said premises a 'For Sale' sign and remove all other signs on said premises.

"Owner:  W. LANGE,
"Owner:  HARRIET LANGE."

On the same day they gave him a receipt for one dollar paid on the option.

It is the claim of the plaintiff that a day or two later he called on defendants and offered them $75 and read to them an agreement to purchase, which he asked them to sign. At that time he also demanded an abstract. On the following day plaintiff and his attorney again called on defendants and were refused admittance. Defendants deny that any tender was made, deny that he offered them any agreement to purchase and claim that plaintiff demanded an abstract of the property which they refused to turn over because of the fact that only $1 had been paid. They also informed him they did not want to sell the property. On the 3d day of October, 1919, the bill of complaint in this case was filed. After a hearing the chancellor expressed himself as follows:

"It must be held, under plaintiff's own testimony, that he failed to comply with the terms of the option. The option distinctly calls for the 'delivery of an agreement to purchase.' No delivery of such an agreement was made or attempted, assuming that plaintiff's version of what transpired on his visit to defendants is correct, of which there is much doubt, in view of the denial of both defendants.

"It is urged that the filing of the bill, with an agreement to purchase attached, within the time limit prescribed by the option, is equivalent to an acceptance of the option.   In my view, the plaintiff in this action must stand on his rights as they existed at the time of filing the bill of complaint.

"The bill of complaint will be dismissed with costs. A decree may be entered accordingly."

From a decree dismissing the bill of complaint the case is brought here by appeal.

In the bill of complaint is the following averment:

"Your orator further represents that he has always been willing and ready to comply with the terms of said option on his part to be performed; that on the first day of October, 1919, he offered the said Harriet Lange and Wilhelmina Lange an agreement to purchase, together with said payment of $75, as provided in said option (a copy of which said agreement to purchase is hereto attached and marked Exhibit "B"), yet the said Harriet Lange and Wilhelmina Lange refused and still refuse to comply with the said option on their part, although your orator is ready and willing to carry out the said option according to the terms and conditions therein mentioned."

The testimony disclosed that the plaintiff was worth $15,000 or $20,000.

In *Hager* v. *Rey,* 209 Mich. 194, the court said, in part:

"Among other things it is claimed by appellant that the land contract provided for in the agreement was to be prepared, drawn and signed by plaintiff and presented to the defendant for her approval.   We think counsel is mistaken in making this claim.   The clause in the memorandum agreement was as follows:

" 'Said second party agrees to buy the above described property on the terms and conditions named, and sign contract on or before one week from date.'

"It will be observed that the $900 was also to be paid on or before one week from the date.   In our opinion it was not the duty of the plaintiff to pre-

pare and tender this contract. At all events, it appears that before the time arrived for the making of this payment of $900 the defendant had repudiated the agreement—had refused to go on with the trade. The payment of $900, and the signing of the contract by the plaintiff, were acts to be performed simultaneously or concurrently."

In the case of *Frischkorn* v. *Fitzgerald*, 215 Mich. 106, the bill of complaint was filed for specific performance before the option had expired, and in his bill of complaint the plaintiff offered to do the things the option required him to do. We quote from the opinion:

"Inasmuch as the bill of complaint was filed and the offers mentioned were all made before the 90-day period, we think counsel will search in vain for a well considered case which will hold that the statute of frauds was not satisfied. See *Wilcox* v. *Cline*, 70 Mich. 517; *Mull* v. *Smith*, 132 Mich. 618; *Agar* v. *Streeter*, 183 Mich. 600 (L. R. A. 1915D, 196, Ann. Cas. 1916E, 518); and cases to be found in note to section 11975, 3 Comp. Laws 1915."

We think these cases are controlling of the instant case, and that a decree for specific performance should have been entered.

The decree is reversed, with costs to the plaintiff, and one will be entered here in accordance with this opinion.

STEERE, C. J., and WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.