VETERANS AIRPORT SERVICE, INC., *v.*
PUBLIC SERVICE COMMISSION.

**1. WORDS AND PHRASES—CONTINUE.**

The word *continue* means to be steadfast or constant in a course or activity; to keep up or maintain without interruption a particular condition, course, or series of actions.

**2. STATUTES—CONSTRUCTION—ORDINARY MEANING OF WORDS.**

Words of a statute are to be given their ordinary meaning, where they are not defined by the statute.

**3. PUBLIC SERVICE COMMISSION—APPEAL—TIME.**

Time period of 30 days for appeal from order of public service commission *held*, merely interrupted by petition for rehearing; so that after commission denies rehearing only the time remaining for appeal when petition for rehearing was made is available for appeal from original order (CLS 1961, § 479.20).

**4. SAME—APPEAL—TIME.**

Appeal from original order of public service commission granting motor carrier authority filed 30 days after order denying petition for rehearing, which petition was filed 12 days after original order, *held*, not timely filed under statute which allowed "30 days from issuance of any order" for appealing to circuit court, and provided that "time allowed by law to bring proceedings to review any order of the commission shall continue after the order denying the hearing or after the order made upon a rehearing" (CL 1948, § 479.18; CLS 1961, § 479.20).

**5. SAME—PETITION FOR REHEARING—APPEAL—TIME.**

Appeal from order of public service commission denying petition for rehearing of proceedings in which certain motor carrier authority was granted, filed 30 days after order denying rehearing, *held*, timely filed under statute (CLS 1961, § 479.20).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 50 Am Jur, Statutes §§ 235, 238.
[3–5] 43 Am Jur, Public Utilities and Services § 232.
[6] 20 Am Jur 2d, Costs §§ 15, 16.

6. Costs—Neither Party Prevailing in Full—Motor Carrier Permits.

> No costs are allowed on review of proceedings to obtain motor carrier permit from the public service commission, where neither party has prevailed in full.

Appeal from Ingham; Coash (Louis E.)', J. Submitted Division 2 November 9, 1966, at Lansing. (Docket No. 786.) Decided January 10, 1967.

Proceeding before defendant Michigan Public Service Commission by defendant Short Way Lines, Inc., an Ohio corporation, to obtain motor carrier authority. Plaintiff Veterans Airport Service, Inc., a Michigan corporation, intervened. Plaintiff's motion for rehearing of order granting authority to defendant Short Way Lines, Inc., denied. Plaintiff appealed to Ingham circuit court. Appeal dismissed. Plaintiff appeals. Affirmed in part and reversed in part.

*Rex Eames* (*Sullivan, Eames, Moody & Petrillo,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David P. Van Note,* Assistant Attorney General, for defendant Michigan Public Service Commission.

*Rodger T. Ederer* (*Snyder, Loomis & Ewert,* of counsel), for defendant Short Way Lines, Inc.

QUINN, P. J. Defendant Short Way Lines, Inc., commenced proceedings before defendant Michigan public service commission to obtain certain motor carrier authority. Plaintiff appeared in these proceedings as a protestant. November 13, 1962, the commission served an order granting certain motor

carrier authority to Short Way Lines, Inc. November 26, 1962, plaintiff filed petition for rehearing with the commission and this was denied December 18, 1962. January 17, 1963, plaintiff filed appeal proceedings in Ingham circuit court. Defendants moved to dismiss the appeal on the basis of untimeliness and their motions were granted November 6, 1964. On leave granted, plaintiff appeals.

Decision requires a determination of the effect a petition for rehearing before the commission has on the 30-day appeal period provided in CLS 1961, § 479.20 (Stat Ann 1965 Cum Supp § 22.585), and whether plaintiff's appeal to Ingham circuit court included an appeal from the commission's denial of rehearing.

The pertinent part of the above statute reads as follows:

"Any party to a cause before the commission under the terms of this act may within 30 days from the issuance of any order therein and notice thereof appeal therefrom by filing an action in the circuit court in chancery for the county of Ingham against the commission as defendant to vacate and set aside any such order."

In addition, CL 1948, § 479.18 (Stat Ann § 22.583), which provides for rehearing before the commission, contains the following language:

"and the time allowed by law to bring proceedings to review any order of the commission shall continue after the order denying the hearing or after the order made upon a rehearing."

Plaintiff contends that the statutory language last quoted and the use of "any order" in section 479.20, *supra*, requires an interpretation that the 30-day appeal period commences on issuance and service of the order denying rehearing. Defendants say

the petition for rehearing merely tolls the 30-day appeal period until decision on the petition for rehearing, after which such period *continues* for the balance of 30 days.

While no case has been cited interpreting the specific statutory provision before us and our research has disclosed no such authority, we are persuaded that defendants' interpretation is correct for 2 reasons. It gives the plain and ordinary meaning to *continue*. Webster's Third New International Dictionary Unabridged gives the following meaning for *continue:*

"To be steadfast or constant in a course or activity: keep up or maintain esp. without interruption a particular condition, course, or series of actions."

We are bound to give words of a statute their ordinary meaning. *Jones* v. *Grand Ledge Public Schools* (1957), 349 Mich 1.

Secondly, the Supreme Court has indicated the necessity for prompt review in this type of case. *In re Consolidated Freight Co.* (1933), 265 Mich 340, 348, 349. The following language in section 479.20, *supra,* indicates the legislature recognized the need for speedy review:

"Upon the service of a copy of the complaint and a subpoena the commission shall file its answer and the matter be at issue and stand ready for hearing upon 10 days notice by either party."

In a somewhat analogous situation involving the appeal and rehearing provisions of the probate code, CL 1948, § 701.36 (Stat Ann 1962 Rev § 27.3178 [36]), the Supreme Court said in *In re Cummings Estate* (1959), 355 Mich 210, 216:

"It is the declared policy of this State that estates shall be administered with all convenient dispatch.

[Citing cases.] To that end the legislature enacted the cited statutes whereby it limited the time to appeal to 20 days, with the possibility of an extension of that time up to 40 days, and the time for rehearing to a generous 3 months. If we construe these statutes as suggested by appellant it will necessitate thwarting this policy, as appellant's argument reduces itself in final analysis to a claim that he has at least 110 days to appeal (even without an extension of the original 20 days), plus whatever unpredictable time (here it was several months) that it might take the probate judge to pass on his petition for rehearing."

The record clearly indicates plaintiff appealed to the Ingham circuit court from the commission's order denying rehearing, as well as from the original order. The appeal, as to the order denying rehearing, was timely.

The trial court is affirmed with respect to dismissal of the appeal from the original order of the commission. The cause is remanded to the circuit court for appropriate proceedings on plaintiff's appeal from the order denying rehearing. Neither party having prevailed in full, no costs are allowed.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.