MICHIGAN TOWING ASSOCIATION, INC., *v.*
PUBLIC SERVICE COMMISSION

ADMINISTRATIVE LAW AND PROCEDURE—PUBLIC SERVICE COMMISSION
—APPEAL TO CIRCUIT COURT—LIMITATION PERIOD.

Circuit court's dismissal of plaintiff's appeal from a denial by
the public service commission of plaintiff's motion for a re-
hearing was proper, where the appeal to circuit court was not
brought within the 30-day statutory period (CLS 1961, § 479·
.20).

Appeal from Ingham, Coash (Louis E.), J.  Sub-
mitted Division 2 January 8, 1969, at Lansing.
(Docket No. 4,411.)  Decided January 28, 1969.

Complaint by Michigan Towing Association, Inc.,
against Michigan Public Service Commission to set
aside an order issued by defendant commission.
Rodney B. Pierce intervened as a party defendant.
Intervening defendant's motion to dismiss the com-
plaint granted.  Plaintiff appeals.  Affirmed.

*Mihelich, Elmer & Kendall,* for plaintiff.

*Snyder, Ewert, Ederer & Parsley,* for intervening
defendant Rodney B. Pierce.

PER CURIAM.  Plaintiff brought an appeal in the
circuit court from an order of defendant denying

REFERENCE FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law §§ 718, 719.

a motion for rehearing pursuant to § 20, art V of the Motor Carriers Act, as amended, CLS 1961, § 479.20 (Stat Ann 1968 Cum Supp § 22.585). The circuit court entered a judgment dismissing plaintiff's complaint upon a motion by the intervening defendant pursuant to GCR 1963, 209.1. Plaintiff appealed to this Court.

On a review of the statute, we find that the complaint was properly dismissed. The attempted appeal from the defendant's order was not made within the 30-day statutory period. *Veterans Airport Service, Inc.* v. *Commission* (1967), 5 Mich App 602. Furthermore, there was no adequate basis for determining the questions presented to the circuit court as required by the statute.

Affirmed.

QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ., concurred.