HOGUE STEEL EXPRESS COMPANY
*v.*
PUBLIC SERVICE COMMISSION

1. PUBLIC SERVICE COMMISSIONS — APPEAL — TIME — REVIEW BY COURTS.

There is a time period of 30 days for appeal from an order of the Michigan Public Service Commission to the Ingham County Circuit Court (MCLA § 479.20).

2. PUBLIC SERVICE COMMISSIONS—APPEAL—TIME.

An application for a rehearing of an order of the Michigan Public Service Commission merely tolls the appeal time and does not provide a new 30-day appeal time from the denial of that order (MCLA §§ 479.18, 479.20).

3. PUBLIC SERVICE COMMISSIONS—APPEAL—REVIEW BY COURTS—SCOPE OF REVIEW.

An appeal to circuit court from a denial of a rehearing of an order of the Michigan Public. Service Commission, may only review questions directly related to the denial of the rehearing and may not open up the validity of the original commission order.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 November 10, 1970, at Lansing. (Docket No. 8409.) Decided December 7, 1970.

Petition for rehearing by Hogue Steel Express Company against Michigan Public Service Commission to set aside an order issued by defendant commission. Burton Heights Moving & Transfer Company intervened as a party defendant. Plaintiff's

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 718.
[2] 2 Am Jur 2d, Administrative Law § 719.
[3] 2 Am Jur 2d, Administrative Law § 610 *et seq.*

petition for rehearing denied. Plaintiff appealed to Ingham Circuit Court. Accelerated judgment and summary judgment for defendant commission. Plaintiff appeals. Affirmed.

*Robert A. Sullivan* (*Martin J. Leavitt* and *Thomas J. Misko,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David P. Van Note* and *Walter V. Kron,* Assistant Attorneys General, for defendant Michigan Public Service Commission.

*William B. Elmer,* for intervening defendant Burton Heights Moving & Transfer Company.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

PER CURIAM. The Michigan Public Service Commission ruled in an order of December 9, 1968, that the plaintiff had voluntarily and intentionally abandoned operating authority contrary to § 13, Art 2, Act 254 of the Public Acts of 1933, being MCLA § 476.13 (Stat Ann 1970 Rev § 22.546). On January 8, 1969, plaintiff petitioned defendant commission for a rehearing. This petition was filed pursuant to MCLA § 479.18 (Stat Ann 1970 Rev § 22.583). On April 25, 1969, the commission served an order denying plaintiff's petition for rehearing. Plaintiff instituted appeal proceedings in the Ingham County Circuit Court on May 22, 1969, pursuant to MCLA § 479.20 (Stat Ann 1970 Rev § 22.585).

The Ingham County Circuit Court granted defendant commission's motion for an accelerated

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment on plaintiff's appeal from the December 9, 1968, order of the commission because said appeal was not timely, but denied accelerated judgment as to plaintiff's appeal on the commission's denial of a rehearing.

Subsequently, the circuit court ruled that the appeal from the denial of the rehearing was limited to considering its lawfulness or unreasonableness, and that an appeal from a denial of a rehearing could not address the validity of the original order. Upon granting summary judgment in favor of the defendants the trial court gave the plaintiff ten days to amend his amended complaint. Plaintiff failed to amend that complaint.

Plaintiff appeals the granting of the accelerated judgment and the granting of the summary judgment in favor of the defendants.

The plaintiff's appeal from the original order of the Michigan Public Service Commission was clearly not timely. *Veterans Airport Service, Inc., v. Public Service Commission* (1967), 5 Mich App 602; *Michigan Towing Association, Inc.,* v. *Public Service Commission* (1969), 15 Mich App 525. These cases established the rule that an application for a rehearing of an order of the Michigan Public Service Commission merely tolls the appeal time and does not provide a new 30-day appeal time from the denial of that order. The circuit court ruled correctly that an appeal from a denial of a rehearing may only review questions directly related to the denial of the rehearing and may not open up the validity of the original commission order.

Affirmed, costs to defendant, Burton Heights Moving & Transfer Company.