WECHSLER v AETNA LIFE INSURANCE COMPANY

Docket No. 77-1563. Submitted February 22, 1978, at Detroit.—Decided May 10, 1978. Leave to appeal applied for.

Louis Wechsler, administrator of the estate of Frances Gentile, deceased, brought suit against Aetna Life Insurance Company, Philip Ozrovitz, and William Bobrin to recover for the estate the proceeds of a life insurance policy which had been paid by Aetna to the other defendants. The policy in question was a group policy covering the employees of Fairlane Drugs, Inc., a corporation of which Ozrovitz and Bobrin were sole shareholders and of which they were officers and of which Gentile was an employee. Plaintiff contended that Ozrovitz and Bobrin, as employers of the deceased, were precluded by statute from being designated as beneficiaries of the policy and that Aetna paid the proceeds knowing of the relationship between Gentile and the other defendants. The Wayne Circuit Court, James Montante, J., granted a motion for summary judgment in favor of defendants, denied summary judgment to plaintiff, and dismissed the complaint. Plaintiff appeals. *Held:*

Defendants Ozrovitz and Bobrin, as shareholders and officers of the corporation which employed the deceased, were not "employers" of the deceased within the meaning of a section of the Insurance Code which prohibits an employer from being designated by an employee as a beneficiary in a policy of life insurance under a group plan which covers the employer's employees. Aetna's payment to Ozrovitz and Bobrin, the beneficiaries named by Gentile, was proper.

Affirmed.

1. APPEAL AND ERROR—STATUTES—ORDINARY MEANING—EMPLOYER—WORDS AND PHRASES.

The Court of Appeals is bound to give the words of a statute their ordinary meaning; the ordinary meaning of "employer" is one who employs the services of others or one for whom employees work and who pays their wages or salaries.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 204–208.

[2] 44 Am Jur 2d, Insurance §§ 1874, 1875.

2. MASTER AND SERVANT—INSURANCE—GROUP LIFE INSURANCE—COR-
    PORATIONS—SHAREHOLDERS AND OFFICERS—EMPLOYER—EM-
    PLOYEE—STATUTES.

   The individual shareholders and officers of a corporation are not
   the employers of an employee who works for the corporation
   for purposes of a statute which precludes an employee from
   designating his or her employer as beneficiary of a group life
   insurance policy covering the corporation's employees because
   a corporation is a legal entity separate from its shareholders
   (MCL 500.4404, 500.4439; MSA 24.14404, 24.14439).

*Saul Levin,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by
*James A. Samborn),* for defendant Aetna Life In-
surance Company.

*Sommers, Schwartz, Silver, Schwartz & Tyler,
P. C.* (by *Richard D. Toth* and *A. Albert Sugar),* for
defendants Philip Ozrovitz and William Bobrin.

Before: BEASLEY, P. J., and BASHARA and D. C.
RILEY, JJ.

PER CURIAM. During her lifetime, plaintiff's de-
cedent, Frances Gentile, was employed by Fairlane
Drugs, Inc., a Michigan corporation, which was
solely owned by defendant William Bobrin, who
was president and secretary, and by defendant
Philip Ozrovitz, who was vice president and trea-
surer.

On March 19, 1974, plaintiff's decedent desig-
nated defendants Bobrin and Ozrovitz as benefi-
ciaries of a group life insurance policy in the sum
of $15,000 on her life issued by Aetna Life Insur-
ance Company covering employees of Fairlane
Drugs, Inc. After she died on December 23, 1974,
defendant Aetna paid the proceeds to defendants

Bobrin and Ozrovitz who were described in the life insurance policy as "friends".

On February 18, 1976, plaintiff started suit against all three defendants, claiming that the Michigan Insurance Code prohibits an employer from being designated as beneficiary of a group life insurance policy on the life of an employee and that defendants Bobrin and Ozrovitz were, in fact, her employer, that the corporation was a mere sham, and therefore, the proceeds of the policy should be paid to plaintiff's decedent's estate. Plaintiff claimed defendant Aetna paid with full knowledge of the facts, and, therefore, was liable for paying contrary to the statute which prohibited naming an employer as beneficiary of a group policy on their employees.

All parties moved for summary judgment. The trial court granted summary judgment in favor of defendants Bobrin, Ozrovitz and Aetna Life, and denied plaintiff's petition for summary judgment.

Plaintiff appeals as of right.

Plaintiff claims that under § 4439 of the Michigan Insurance Code, defendants Bobrin and Ozrovitz are, for purposes of the statute, employers of plaintiff's decedent, and as such, not permitted to be beneficiaries. Section 4404 provides:

"Group life insurance may be issued covering not less than 10 employees with or without medical examination, written under a policy issued to the employer, the premium on which is to be paid by the employer or by the employer and the employees jointly, and insuring only all of his employees, or all of any class or classes thereof determined by conditions pertaining to the employment, for amounts of insurance based upon some plan which will preclude individual selection, for the benefit of persons other than the employer: Provided, however, That when the premium is to be paid by the employer and employee jointly and the benefits of the

policy are offered to all eligible employees, not less than 75% of such employees may be so insured." MCL 500.4404; MSA 24.14404.

Plaintiff also refers to § 4439 in support of his interpretation of the statute, which provides:

"A person whose life is insured under a group insurance policy may, subject and pursuant to the terms of the policy, or pursuant to an arrangement between the insured, the employer and the company, assign (other than to the employer) all or any part of his incidents of ownership, rights, title and interests, both present and future, under such policy including specifically, but not by way of limitation, the right to designate and redesignate a beneficiary or beneficiaries thereunder, the right to make any requisite contributions to maintain the insurance in force, and the right to have an individual policy issued to him in case of termination of employment. Such an assignment by the insured, made either before or after the effective date hereof, is valid for the purpose of vesting in the assignee, in accordance with any provisions included therein as to the time at which it is to be effective, all of such incidents of ownership, rights, title and interests so assigned, but without prejudice to the company on account of any payment it may make or individual policy it may issue prior to receipt of notice of the assignment. This section is not intended to alter the law of this state but is intended only to confirm in express statutory form the law as it exists presently." MCL 500.4439; MSA 24.14439.

Plaintiff admits that Fairlane Drugs, Inc. was the de jure employer of plaintiff's decedent, but claims that the word "employer", as used in the above quoted § 4439, is intended to mean a de facto employer as well. Plaintiff says the purpose of the statute is to preclude an employer from using his superior position over an employee to coerce or intimidate an employee into naming him a beneficiary. Plaintiff says that statutory purpose

applies to a case where two individuals own all the stock and hold the top management positions just as much as if the two individuals were, say, partners.

In this case, the undisputed evidence is that decedent voluntarily named defendants Bobrin and Ozrovitz beneficiaries, telling an independent insurance agent she named them beneficiaries because they were the only friends she had in the world and they had treated her better than anybody else. The agent stated under oath that he was advised by defendant Aetna to insert the word "friends" after the beneficiary to indicate the actual relationship she expressed.

There is no evidence here, nor even an allegation, that defendants overreached, coerced or intimidated plaintiff's decedent so as to have them named as beneficiaries. Neither is there a claim of fraud, sham, subterfuge or other facts indicating improper use of the corporate form in any way connected with the naming of defendants Bobrin and Ozrovitz as beneficiaries of the group life insurance on plaintiff's decedent's life.

The insurance code does not define the word "employer"; consequently, we look to the common and approved usage of the word "employer".[1]

In *Veterans Airport Service, Inc v Public Service Commission*,[2] this Court said in this connection:

"We are bound to give words of a statute their ordinary meaning."

---

[1] MCL 8.3a; MSA 2.212(1) provides:
"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."
[2] 5 Mich App 602, 605; 147 NW2d 455 (1967).

The common, ordinary meaning of "employer" is "One who employs the services of others; one for whom employees work and who pays their wages or salaries".[3] Under this definition, Fairlane Drugs, Inc. was the employer of plaintiff's decedent. A corporation is a legal entity separate from its shareholders.[4] Defendants Bobrin and Ozrovitz, as shareholders and officers, do not fall within this definition of employer.

Affirmed.

---

[3] Black's Law Dictionary, Rev 4th ed, 1968, p 618.

[4] *Schusterman v Employment Security Commission,* 336 Mich 246; 57 NW2d 869 (1953).