WILKINSON *v.* KNEELAND.

1. EQUITY—APPEAL—STATUTORY LIMITATION—REHEARING.

> Where a petition for a rehearing in equity is denied after the statutory time in which an appeal might be taken from the decree has elapsed, an appeal thereafter taken must be considered as from the order denying rehearing, though it purports to be from the final decree as well.

2. SAME—LACHES.

> Where defendant in a bill for specific performance was personally served with subpœna nine months before the suit was heard, and was given written notice before the term by complainant's solicitor, his excuse for not entering appearance, that the matter "entirely slipped his mind," will not move the court to reopen, on his petition for rehearing, a clearly equitable decree.

3. TENANTS BY ENTIRETY—RELEASE.

> Defendant deeded land to complainant and wife, in which he owned only a half interest, and complainant alleged that he accepted the deed without knowledge of the fraud, and that his wife had deeded her interest to him. *Held*, that the contention that complainant was not entitled to maintain a bill for specific performance, because he and his wife were tenants by the entirety, was without merit, since that fact would not prevent her from releasing her interest to the husband.

4. LAND CONTRACT — FRAUD — DEFECTIVE TITLE — REMEDY — SPECIFIC PERFORMANCE.

> Where the purchaser under a land contract was induced by fraud of the vendor to accept a deed purporting to convey a larger interest than the grantor owned, he was not obliged to sue at law on the covenants of warranty, but was entitled to maintain a bill for the specific performance of his contract.

Appeal from Gratiot; Dodds, J., presiding. Submitted October 12, 1900. Decided November 13, 1900.

Bill by Francis A. Wilkinson against Frank G. Kneeland for the specific performance of a land contract. There was a decree *pro confesso* for complainant, and defendant's application for a rehearing was denied. Defendant appeals. Affirmed.

*John T. Mathews*, for complainant.

*Newell Leonard*, for defendant.

MONTGOMERY, C. J.  On the 31st of December, 1898, the complainant filed a bill of complaint in the circuit court for the county of Gratiot, in chancery. Subpœna was personally served on the defendant on the 12th day of January, 1899. On the 1st day of November, 1899, a final decree was entered. On the 6th day of January, 1900, a petition for a rehearing was filed, which was on the 19th day of January, 1900, denied. An appeal was taken on the 2d of March, 1900, which purports to be an appeal not only from the order denying the rehearing, but also from the final decree. Obviously the attempt to appeal

from the decree was futile, as more than the statutory time had elapsed before any attempt was made to take an appeal. 1 Comp. Laws 1897, § 550. The appeal must be considered as having been taken from the order denying a rehearing. The reason assigned in the petition for a rehearing for not entering an appearance in the original case is that the defendant supposed that he would be able to adjust the matter of complaint without litigation. The petitioner admits that he intended to get a quitclaim deed from Mrs. Walker of her interest hereinafter referred to, but it does not appear that he did. He also admits that he received a letter from complainant's solicitor stating that he desired to have the case disposed of at the November term, 1899, but states that the matter "entirely slipped his mind." It is apparent from a statement of these dates and these facts that the defendant was guilty of laches, and the decree should in no event be opened upon any technical ground, or unless a grave injustice had been done to defendant.

The bill is a bill for specific performance. It is alleged that two contracts, conveying 20 acres each, were made, the one to complainant, and the other to his wife, Miriam Wilkinson, each of which provided that, on payment of $245 to defendant, he would convey the land contracted by a good and sufficient conveyance conveying good title; that afterwards defendant conveyed one 20 to complainant and his wife, as husband and wife, and the other to complainant; that complainant's wife subsequently conveyed the first-mentioned 20 to complainant. The bill further states that, at the time of the conveyances from the defendant, he did not own the land, but that an undivided one-half belonged to defendant's wife, who joined in the deeds, and the other one-half to Maria B. Walker, and, at the time of the acceptance of the deeds, the complainant had no knowledge of the defect in defendant's title. The bill also alleges that defendant has acquired certain tax titles on said land for taxes assessed thereon during years when defendant was obligated to pay the taxes; that

defendant has promised to procure the Walker title, but has failed to do so. The bill also alleges that complainant has made improvements to the value of $100. The decree required the defendant to make good the title of complainant within 20 days, and, on his failure to do so, provided that complainant should recover the value of the land, and have a lien on defendant's interest. It it apparent from a recital of the facts that no injustice has been done to defendant. It appears that he has not fulfilled his contract, and the decree provides that he shall do so, or make the complainant whole.

Defendant's counsel contends that the bill shows that complainant has not the title to the contract covering the 20 acres in which his wife is named as a party, for the reason that, by the deed to complainant and his wife, they became tenants by the entirety, and neither could convey; citing *Naylor* v. *Minock*, 96 Mich. 182 (55 N. W. 664, 35 Am. St. Rep. 595), and cases there cited. The case is not authority that either the wife or husband may not release to the other his or her interest in land so held.

It is further contended that, the defendant having made deeds to complainant and his wife, the complainant's remedy is by action at law on the covenants. The bill alleges, in effect, that complainant was induced to accept these deeds by fraud of defendant. In view of this averment, which stands admitted by the *pro confesso*, there was no bar on the face of the bill to a specific performance of the original contract. We quote the language of the learned circuit judge:

"The defendant's counsel states that he is now negotiating for the outstanding title, and admits that it is but just that it be obtained for complainant's benefit. That deeds were accepted without knowledge of the facts should not militate against complainant's rights, which are practically admitted upon the argument. While the decree seems to be broader than the prayer for specific relief would warrant, it provides for nothing more than is, in my opinion, within the prayer for general relief."

We approve this conclusion, and the order appealed from is affirmed, with costs.

The other Justices concurred.