ELDRIDGE *et al. v.* RIVELY *et al.*

(*Knoxville,* September Term, 1939.)

Opinion filed October 21, 1939.

Ray, Valentine & Foster, of Chattanooga, for complainants.

John H. Early, of Chattanooga, for defendants.

Mr. Justice DeHaven delivered the opinion of the Court.

This cause was heard by the chancellor on December 20, 1937, and taken under advisement; the cause was later decided and a decree entered on January 15, 1938, containing, among other things, a grant of time of ten days to defendants within which to file a petition to rehear. On January 24, 1938, within the time allowed, defendants filed their petition for a rehearing. The term of the chancery court expired on the first Monday in February, 1938, and a new term began. The chancellor carried over the petition to rehear and disposed of the same on February 15, 1938, overruling it, at which time defendants prayed and were granted an appeal to the Court of Appeals, and were given thirty days within which to perfect their appeal. Pauper oath in lieu of appeal bond was filed on March 3, 1938.

Complainants filed a written motion in the Court of Appeals to dismiss defendants' appeal upon the ground that the appeal was taken too late. This motion was sustained by the Court of Appeals and the appeal was dismissed.

Defendants have filed their petition for *certiorari* to this court, which has heretofore been granted and the

matter set down for argument, and argument has been heard.

■■ We think the assignments of error challenging the correctness of the holding of the Court of Appeals that the appeal was taken too late, must be sustained. In *Wright* v. *Dorman,* 155 Tenn., 189, 194, 291 S. W., 1064, 1065, the court said:

"The motion for a new trial was filed or entered, as appears from the chancellor's decree, August 11, 1923. It is well settled that the entry of a motion for a new trial within 30 days after judgment suspends a judgment for purposes of disposing of the motion; and that a motion seasonably entered may be disposed of after the expiration of thirty days, when the court finds an opportunity to do so. [*Louisville & N.*] *Railroad* v. *Ray,* 124 Tenn., 16, 134 S. W., 858, Ann. Cas., 1912D, 910; *Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969; *Feldman* v. *Clark,* 153 Tenn., 373, 284 S. W., 353. We think a petition to rehear, entered within 30 days from judgment or decree, likewise suspends said judgment or decree, pending the disposition of the petition to rehear."

Where a petition to rehear is reasonably filed, the decree for the purposes of the petition and appeal is suspended in like manner as a judgment at law on motion for a new trial.

The decree of the Court of Appeals must be reversed and the cause remanded to that court for further proceedings. Complainants will pay the costs incurred on the *certiorari* proceedings to this court.