## SULLIVAN v PUBLIC SERVICE COMMISSION

Docket No. 78-2398. Submitted June 13, 1979, at Detroit.—Decided November 5, 1979. Leave to appeal applied for.

R. J. Sullivan, doing business as Sullivan and Company, produces natural gas from wells in St. Clair County. The sole purchaser of the gas is Michigan Consolidated Gas Company. A purchase price was set by the parties in 1974 in a one-year contract which was approved by the Public Service Commission. The parties have not agreed on a new contract, but Michigan Consolidated continues to purchase gas from Sullivan at the contract price. Sullivan filed a complaint with the Public Service Commission, alleging that Michigan Consolidated discriminates against Sullivan in the purchase price of the gas, in violation of a statute controlling and regulating gas pipelines. The commission dismissed the complaint, finding that Michigan Consolidated did not discriminate. Fifty-eight days later Sullivan brought a petition for review in Ingham Circuit Court under the Administrative Procedures Act. The court, Michael G. Harrison, J., granted accelerated judgment to the commission and to Michigan Consolidated on the grounds that the court had no jurisdiction because the order was not subject to review under the APA, but was appealable only by statutory appeal, within 30 days. Sullivan appeals. *Held:*

1. Orders of the Public Service Commission are appealable under a section of the Railroad Commission Act and appeals are required to be filed within the 30-day period specified within that section. An appeal pursuant to that section is a "special statutory review proceeding" within the meaning of the Administrative Procedures Act; therefore, the appeal provisions of the APA are not applicable. Sullivan's appeal to circuit court was not timely.

2. The commission's order does involve a "rate" within the context of the statute governing appeals, and the statute therefore applies.

3. There is no apparent legislative intention that only orders

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 1 Am Jur 2d, Administrative Law §§ 129, 130, 181.

of public significance or public importance are included in the statutory appellate remedy.

Affirmed.

1. ADMINISTRATIVE LAW — PUBLIC SERVICE COMMISSION — APPEAL OF ORDER — STATUTES.

An order of the Public Service Commission is appealable to Ingham Circuit Court within 30 days of the order, pursuant to statute; the 60-day appeal period allowed by the Administrative Procedures Act is not applicable where an administrative order is subject to any "special statutory review proceeding" (MCL 24.302, 460.4, 462.26; MSA 3.560[202], 22.13[4], 22.45).

2. PUBLIC SERVICE COMMISSION — RATES — STATUTES.

A "rate", for the purpose of a statute controlling the appeal of an order of the Public Service Commission, can refer to the price of a commodity or service regulated by the Public Service Commission whether set "administratively", by the contract between the parties, or "legislatively", by the Legislature or its authorized agency, and whether or not the price directly affects the public at large (MCL 462.26; MSA 22.45).

*J. Andrew Domagalski,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter V. Kron* and *Arthur E. D'Hondt,* Assistants Attorney General, for the Michigan Public Service Commission.

*Alex H. Terzian, III,* for Michigan Consolidated Gas Company.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

T. M. BURNS, J. This is an appeal as of right by Sullivan and Company (Sullivan) from an accelerated judgment, entered by the Ingham County Circuit Court, which dismissed its appeal under

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* from an order of the Michigan Public Service Commission.

Sullivan is an oil and gas producer operating in Michigan and in other states. It produces gas from two of eight wells in the Big Hand Field located in Columbia Township, St. Clair County, Michigan. Michigan Consolidated Gas Co. operates four of the wells and is the sole purchaser of gas from Sullivan since 1971, under a three-year contract. On March 4, 1974, Michigan Consolidated entered into a one-year contract to purchase gas from Sullivan at a price of 56 cents per Mcf. The Commission approved that contract by order entered January 6, 1975. In the meantime, the parties were unable to agree on a new contract, Sullivan demanding a higher price per Mcf and the utility demanding substantial additional consideration. Although the parties did not agree on a new contract, Michigan Consolidated continues to purchase Sullivan's gas at the former price of 56 cents per Mcf.

On November 24, 1975, Sullivan filed a complaint with the Commission, alleging that Michigan Consolidated was discriminating against it in the purchase price of gas, allegedly in violation of § 4 of 1929 PA 9, an act controlling and regulating gas pipelines, MCL 483.101 *et seq.;* MSA 22.1311 *et seq.* Sullivan claimed that the utility was deliberately pursuing a course of conduct to maintain the price of gas purchased from it at a depressed level. The Commission heard Sullivan's complaint and dismissed it by order entered March 28, 1977. The Commission held that Michigan Consolidated did not discriminate against Sullivan "in price or amount for like grades of natural gas as between producers or persons or in favor of its own produc-

tion" because, *inter alia,* "all other producers in the Big Hand Field are presently paid the same price for natural gas as is Complainant".

Fifty-eight days later, Sullivan sought judicial review of that order in Ingham County Circuit Court by petition for review under Chapter 6 of the Administrative Procedures Act of 1969. The Commission and Michigan Consolidated responded with motions for accelerated judgment on the grounds that the circuit court lacked jurisdiction over the appeal because the Commission's order was appealable by statutory appeal filed within 30 days and was not subject to review under the APA. After briefing and oral arguments on the question, the circuit court agreed by opinion entered January 13, 1978, and accelerated judgment was entered on June 2, 1978.

On appeal, Sullivan contends that its appeal under the APA, taken within the 60-day period allowed by § 104, was timely and proper because the Commission order appealed was not subject to (in the words of APA § 102) "any applicable special statutory review proceeding in any court specified by statute * * *". MCL 24.302; MSA 3.560(202). Appellees contend that the order is reviewable only under § 26 of the railroad commission act (1909 PA 300) and only within the 30-day period specified in § 26. MCL 462.26; MSA 22.45. Appellees argue that Sullivan is directed to the § 26 remedy not only by the railroad commission act itself, but also by § 4 of the public service commission act (1939 PA 3), MCL 460.4; MSA 22.13(4), and by § 10 of the gas pipelines act under which Sullivan brought its discrimination complaint against the utility. MCL 483.110; MSA 22.1320.

Section 4 of the Public Service Commission Act provides in pertinent part:

"Any order or decree of the public service commission shall be subject to review in the manner now provided by law for reviewing orders and decrees of the Michigan railroad commission or the Michigan public utilities commission." MCL 460.4; MSA 22.13(4).

Orders of the former Michigan Railroad Commission and Michigan Public Utilities Commission were reviewable under § 26 of the railroad commission act. See MCL 460.53; MSA 22.3; MCL 462.26; MSA 22.45. It follows that orders of the current agency, the Public Service Commission, are appealable under § 26. Accordingly, we hold that § 26 is a "special statutory review proceeding" within the meaning of APA § 102. Sullivan's appeal was required to be filed under § 26 and within the 30-day period specified in that section.[1] Accord, *Consumers Power Co v Public Service Comm,* 88 Mich App 633; 278 NW2d 702 (1979), *Michigan Gas Utilities Co v Public Service Comm,* 27 Mich App 411; 183 NW2d 619 (1970), *Michigan Towing Ass'n, Inc v Public Service Comm,* 15 Mich App 525; 166 NW2d 608 (1969).

[1] We cannot but express some disapproval in a situation whereby parties wishing to appeal an order of the Public Service Commission must wade through a maze of statutes to discover that the applicable statute of limitations governing their appeal is a bare 30-day period. To avoid the potential for confusion and unfairness to prospective appellants, and to better effectuate the duty of the Public Service Commission to serve the citizens of this state, the Commission should adopt a practice of stating in its orders the applicable time period for perfecting an appeal. This practice is done in the workmen's compensation area where a hearing referee's award bears a printed legend clearly stating the applicable time period governing appeals of the referee's decision to the Workmen's Compensation Appeal Board. See, Bureau of Workmen's Compensation Form 200. It is also done in the criminal law area where the court rules require every criminal defendant to be informed orally and in writing of the time limit within which the defendant must request appointment of counsel to pursue post-conviction motions and/or to perfect an appeal. GCR 1963, 785.11. Adoption of a similar practice by the Public Service Commission would eliminate future appeals similar to the instant one.

Sullivan argues that § 26 is inapplicable because the Commission's order does not fix a "rate", as the word is defined in cases, because this controversy does not affect the public at large and because it is not significant enough to warrant the precedence § 26 gives to Commission appeals in circuit court. We reject the arguments.

It is true that the word "rate" generally refers to the price fixed for some commodity or service of general need or utility which is furnished to the public at large. *Detroit v Public Utilities Comm,* 288 Mich 267, 284; 286 NW 368 (1939), *Lenawee County Gas & Electric Co v City of Adrian,* 209 Mich 52, 58; 176 NW 590 (1920). However, "rate" means simply "price". In the context of § 26, "rate" can refer to the price of a commodity or service regulated by the Public Service Commission—whether set "administratively" or "legislatively" (see *Detroit v Public Utilities Comm, supra)* and whether directly affecting the public at large or not.

It may be true, as Sullivan contends, that this controversy does not require the priority hearing afforded by § 26. But it does not follow that the controversy *therefore* is not within § 26. Both § 4 of the public service commission act and § 26 of the railroad commission act use the phrase "any order" when referring Commission appeals to the Ingham County Circuit Court. There is no legislative intention apparent in the acts that only orders of public significance or public importance are included in the appellate remedy provided by § 26.

Moreover, it is clear from the entire statutory scheme of Public Service Commission matters that the Legislature intended nearly all Commission orders to be appealed under § 26. In addition to § 4 of the public service commission act and § 26 of

the railroad commission act, the following statutes incorporate or duplicate the appellate remedy of § 26: § 5 of the water carriers act, MCL 460.201 *et seq.;* MSA 22.91 *et seq.;* § 6 of the act regarding certificates of convenience and necessity for new gas or electric projects, MCL 460.501 *et seq.;* MSA 22.141 *et seq.;* § 7 of the act regulating transmission of electricity through highways, MCL 460.551 *et seq.;* MSA 22.151 *et seq.;* art v, § 20 of the Motor Carrier Act, MCL 475.1 *et seq.;* MSA 22.531 *et seq.;* § 3 of the act governing abandonment of tracks, MCL 469.241 *et seq.;* MSA 22.611 *et seq.;* § 4 of the act regulating passenger rates for electric interurban railroads, MCL 468.31 *et seq.;* MSA 22.981 *et seq.;* § 10 of the act regulating gas lines, MCL 483.101 *et seq.;* MSA 22.1311 *et seq.;* § 14 of the act regulating telephone companies as common carriers, MCL 484.101 *et seq.;* MSA 22.1441 *et seq.,* and § 20 of the act regulating water companies, MCL 486.551 *et seq.;* MSA 22.1730(1) *et seq.*

We do agree with Sullivan that § 10 of 1929 PA 9, under which it brought its discrimination complaint against the utility, is not, as to Sullivan, a "special statutory review proceeding". Section 10 provides in pertinent part:

"Thereafter a going common purchaser or common carrier of natural gas may alter or amend its price paid, rates, charges and conditions of service by application to and approval by the commission in the same manner and by the same process and under the same legal limitations and like right and process of appeal as are now provided by statute for the regulation by the commission of the rates for electricity transmitted in this state."

That section refers to the statute regulating rates for electricity which is 1909 PA 106, MCL

460.551 *et seq.;* MSA 22.151 *et seq.* Section 7 of 1909 PA 106 incorporates the appellate remedy of the railroad commission act, namely, § 26. MCL 460.557; MSA 22.157. However, § 10 of 1929 PA 9 and its incorporation of the appellate remedy of § 26 is applicable by its plain terms only to a common purchaser or common carrier which applies for a change in rates. Section 10 does not refer to a producer's discrimination complaint under § 4 of 1929 PA 9. Accordingly we hold that § 10 is not, as to Sullivan, a "special statutory review proceeding" within the meaning of APA § 102.

The judgment of the circuit court is affirmed. No costs, a public question being involved.