GREAT LAKES STEEL DIVISION OF NATIONAL STEEL
CORPORATION v PUBLIC SERVICE COMMISSION

Docket No. 77547. Submitted February 11, 1985, at Lansing.—Decided
June 19, 1985. Leave to appeal applied for.

On December 30, 1980, the Public Service Commission entered a
final order in a utility rate-making case. Twenty-nine days
later, Great Lakes Steel Division of National Steel Corporation,
General Motors Corporation and St. Regis Paper Company filed
with the commission a motion for rehearing. The motion was
subsequently denied. Thirty days after the order denying the
rehearing was issued, Great Lakes, General Motors and St.
Regis filed in Ingham Circuit Court an action for review of the
commission's determination. The Public Service Commission
moved for accelerated judgment on the basis that the action for
review was not timely brought. The trial court, Jack W. War-
ren, J., granted the motion for accelerated judgment. Great
Lakes Steel appealed. *Held:*

The 30-day period in which one must seek the statutory
review in circuit court is merely tolled by the pendency of the
motion for rehearing, accordingly, the trial court's dismissal of
the statutory action for appellate review of the original order
was proper. However, since review of the order denying the
motion for rehearing was also sought and since it was sought
within 30 days of the order denying the rehearing, the trial
court erred in dismissing the action for review insofar as it
sought reveiw of the denial of the motion for rehearing.

Affirmed in part, reversed in part, and remanded.

APPEAL — PUBLIC SERVICE COMMISSION — PETITION FOR REHEARING —
APPEAL PERIOD.

The filing with the Public Service Commission of a timely motion
for rehearing of an order of the commission has the effect of
tolling the running of the statutory 30-day period in which to
commence in circuit court an action to review the commission's
order; accordingly, upon denial of a motion for rehearing, the
action for review of the original order, to be timely, must be

REFERENCE FOR POINTS IN HEADNOTE
Am Jur 2d, Public Utilities § 230 *et seq.*

brought within the remaining portion of the original 30-day period; however, an action for review of the order denying the rehearing is timely if brought within 30 days of the date of the order denying rehearing (MCL 460.352, 462.26; MSA 22.112, 22.45).

*Hill, Lewis, Adams, Goodrich & Tait* (by *Robert A. W. Strong),* for Plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey,* Assistant Attorney General, for defendant.

Amicus Curiae:

*John M. Veale,* for General Motors Corporation and St. Regis Paper Company.

Before: D. E. HOLBROOK, JR., P.J. and ALLEN and E. M. THOMAS,* JJ.

PER CURIAM. Great Lakes Steel Division of National Steel Corporation (herinafter plaintiff) appeals by leave granted from an order granting defendant's motion for accelerated judgment. The trial court held that plaintiff's appeal was untimely. Defendant, Public Service Commission, had entered its final order in Case No. U-6700[1] on December 30, 1980. Twenty-nine days thereafter plaintiff filed a motion for rehearing. This motion was denied March 31, 1981. Thirty days after this denial plaintiff inititated statutory review proceedings in the circuit court pursuant to MCL 462.26; MSA 22.45. Following this filing, defendant moved for accelerated judgment, GCR 1963, 116.1(2), asserting that the appeal was untimely and hence the circuit court lacked subject matter jurisdiction.

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] This was a utility rate-making case. The details are irrelevant to this appeal.

On appeal the sole issue is how the 30-day time limit for initiating statutory review proceedings in utility rate-making cases, MCL 462.26; MSA 22.45, is calculated and applied to the review of the final order and to the subsequent denial of a timely motion for a rehearing of that final order.

The basic statutory review provision is MCL 462.26; MSA 22.45, which provides in pertinent part that:

"Any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services, may within 30 days from the issuance of such order and notice thereof commence an action in the circuit court in chancery for the county of Ingham, against the commission as defendant to vacate and set aside any such order * * *."

MCL 460.351; MSA 22.111 authorizes the commission to grant rehearings and MCL 460.352; MSA 22.112 contemplates the time limits for initiating statutory review after the motion for rehearing is made.

"The time allowed by law for the bringing of suit to review any order of the commission, shall continue after the order denying a rehearing or made upon a rehearing, for the same number of days now provided by law for review of the order upon which such rehearing was denied or had."

The key element is what the Legislature meant by the work "continue". It is clear that plaintiff's statutory time limit does not run once it has filed a motion for rehearing. The question is whether the original 30-day period was merely tolled during the pendency of the motion for rehearing or whether a new 30-day period began once a decision

was made on the request for rehearing. The primary object of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. The language of the statute is the best source for ascertaining this intent. *In re Condemnation of Lands,* 133 Mich App 207, 210-211; 349 NW2d 261 (1983). Utilizing dictionary definitions is an appropriate method of achieving this result. *Fenton Area Public Schools v Sorenson-Gross Construction Co,* 124 Mich App 631, 639; 335 NW2d 221 (1983).

In considering this question in the context of a similar statutory provision relative to the regulation of motor vehicle carriers, this Court defined "continue" as:

" 'To be steadfast or constant in a course or activity: keep up or maintain esp. without interruption a particular condition, course, or series of actions.' " *Veterans Airport Service, Inc v Public Service Comm,* 5 Mich App 602, 605; 147 NW2d 455 (1967).

Additionally, the Legislature indicated the necessity for review in the instant type of case. See *Attorney General v Public Service Comm #1,* 133 Mich App 719, 728; 349 NW2d 539 (1984), and MCL 460.6a; MSA 22.13(6a), which establishes, as a goal, a time frame of nine months for these cases from start to finish. Therefore, we hold that the time period is only tolled and does not begin anew.

However, to be consistent with the holding in *Veterans Airport Service, supra,* while plaintiff's appeal of the original final order was untimely, having been filed a total of 59 days after the original order even after the tolled period has been excluded, it's appeal of the order on rehearing was timely.

"The record clearly indicates plaintiff appealed to the

Ingham circuit court from the commission's order denying rehearing, as well as from the original order. The appeal, as to the order denying rehearing, was timely.

"The trial court is affirmed with respect to dismissal of the appeal from the original order of the commission. The cause is remanded to the circuit court for appropriate proceedings on plaintiff's appeal from the order denying rehearing." *Veterans Airport Service, supra,* p 606.

Thus, we affirm the circuit court's dismissal of plaintiff's appeal of the commission's December 30, 1980, order. We find that the court erred in dismissing plaintiff's appeal of the commission's order of March 31, 1981, denying rehearing and reverse and remand for adjudication of that issue on the merits.

Affirmed in part and reversed in part. No costs, a public question and neither party having prevailed in full.