ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 83528. Submitted March 6, 1986, at Lansing. Decided June 16, 1986. Leave to appeal applied for.

The Public Service Commission issued two orders on June 1, 1983, authorizing Southeastern Michigan Gas Company to adopt and implement a gas cost recovery clause. On July 1, 1983, the Attorney General filed an application for rehearing of both orders with the Public Service Commission. The application for rehearing was denied on September 27, 1983. On October 27, 1983, the Attorney General filed a complaint against the Public Service Commission in Ingham Circuit Court seeking judicial review of the orders. The court, James R. Giddings, J., granted defendant's motion for accelerated judgment on the ground that the court lacked subject-matter jurisdiction due to the complaint's not having been timely filed. The Attorney General appealed. *Held:*

A party has thirty days from the PSC's issuance of an order to request a rehearing by the PSC. Following the PSC's order on rehearing or denial of the request for rehearing, the party has an additional thirty days within which a complaint for judicial review by the Ingham Circuit Court may be perfected. The Attorney General's complaint was filed within the thirty-day time limit for filing the complaint for judicial review.

Reversed and remanded.

APPEAL — PUBLIC SERVICE COMMISSION — REHEARINGS — APPEAL PERIOD.

A party has thirty days from the Public Service Commission's issuance of an order to request a rehearing by the commission; following the commission's order on rehearing or the denial of

REFERENCES

Am Jur 2d, Administrative Law §§ 520 *et seq.,* 715 *et seq.*

Am Jur 2d, Public Utilities §§ 266 *et seq.,* 520 *et seq.*

Amount paid by public utility to affiliate for goods or services as includible in utility's rate base and operating expenses in rate proceeding. 16 ALR4th 454.

Validity of "fuel adjustment" or similar clauses authorizing electric utility to pass on increased cost of fuel to customers. 83 ALR3d 933.

a rehearing, the party has an additional thirty-day period within which to file a complaint for judicial review by the Ingham Circuit Court (MCL 460.352, 462.26; MSA 22.112, 22.45).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the Public Service Commission.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Lawrence J. Gagnon*), for intervening defendant Southeastern Michigan Gas Company.

Before: SHEPHERD, P.J., and M. J. KELLY and R. L. TAHVONEN,* JJ.

SHEPHERD, P.J. Plaintiff Attorney General for the State of Michigan appeals from a circuit court order granting defendant Michigan Public Service Commission's motion for accelerated judgment. The circuit court held that plaintiff's complaint for review of certain PSC orders was not timely filed in the circuit court. We reverse and remand for further proceedings.

Defendant PSC entered two orders on June 1, 1983, authorizing defendant Southeastern Michigan Gas Company to adopt and implement a gas cost recovery clause. A month later on July 1, 1983, plaintiff filed an application for rehearing of both orders with the PSC. The application for rehearing was denied on September 27, 1983. On October 27, 1983, plaintiff filed a complaint in

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Ingham Circuit Court, seeking judicial review of the orders of June 1, 1983. The PSC's motion for accelerated judgment was granted on February 15, 1985.

The basis for granting the accelerated judgment was lack of jurisdiction due to the complaint's not having been timely filed in circuit court. The Attorney General argued for an interpretation of the pertinent statutes that would have given him thirty days from the denial of the application for rehearing in which to file a timely complaint.

The applicable statutory review proceedings in utility rate-making cases is MCL 462.26; MSA 22.45,[1] which provides in pertinent part:

> Any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices or services, may within 30 days from the issuance of such order and notice thereof commence an action in the circuit court in chancery for the County of Ingham, against the commission as defendant to vacate and set aside any such order.

The PSC is given the authority to grant rehearings in MCL 460.351; MSA 22.111. The procedure for bringing a suit for judicial review of a PSC order after denial of rehearing is set forth in MCL 460.352; MSA 22.112, which provides:

> The time allowed by law for the bringing of suit to review any order of the commission, shall con-

---

[1] Orders of the Public Service Commission in utility rate-making cases are appealable under § 26 of the railroad commission act, MCL 462.26; MSA 22.45. See *Sullivan v Public Service Comm,* 93 Mich App 391, 395; 287 NW2d 188 (1979), lv den 411 Mich 1004 (1981); *Great Lakes Steel Div of Nat'l Steel Corp v Public Service Comm,* 143 Mich App 761, 763; 373 NW2d 212 (1985), lv den 424 Mich 859 (1985).

tinue after the order denying a rehearing or made upon a rehearing, for the same number of days now provided by law for review of the order upon which such rehearing was denied or had.

The question on appeal is whether the original thirty-day period was merely tolled during the pendency of the motion for rehearing, as urged by the PSC, or whether a new thirty-day period began when the motion for rehearing was denied, as urged by the Attorney General. Under the defendants' interpretation, the rehearing provision merely suspends the running of the thirty-day appeal period, and consequently plaintiff's complaint for review in the circuit court was untimely. Under plaintiff's view, a party has thirty days to request a rehearing under MCL 462.26 and, following the PSC order on rehearing, thirty days to perfect an appeal under the rehearing statute, MCL 460.352.

Another panel of this Court has recently considered this same issue and held that the time period is only tolled and does not begin anew. *Great Lakes Steel Div of Nat'l Steel Corp v PSC*, 143 Mich App 761; 373 NW2d 212 (1985), lv den 424 Mich 859 (1985). The Court reasoned:

> In considering this question in the context of a similar statutory provision relative to the regulation of motor vehicle carriers, this Court defined "continue" as:
>
> " 'To be steadfast or constant in a course of activity: keep up or maintain esp. without interruption a particular condition, course, or series of actions.' " *Veterans Airport Service, Inc v Public Service Comm*, 5 Mich App 602, 605; 147 NW2d 455 (1967).
>
> Additionally, the Legislature indicated the necessity for review in the instant type of case. See *Attorney General v Public Service Comm #1*, 133

Mich App 719, 728; 349 NW2d 539 (1984), and MCL 460.6a; MSA 22.13(6a), which establishes, as a goal, a time frame of nine months for these cases from start to finish. Therefore, we hold that the time period is only tolled and does not begin anew. [*Id.*, 764].

We disagree with the Court's reasoning and conclusion in *Great Lakes Steel*. The analogous statutory provision referred to in *Great Lakes Steel* has been interpreted as merely tolling the thirty-day appeal period from PSC orders in motor carrier cases until a decision is made on a petition for rehearing. See *Veterans Airport Service, Inc v PSC*, 5 Mich App 602; 147 NW2d 455 (1967). However, that statute omits certain qualifying language found in the subject statute. The analogous statute provides in pertinent part:

All orders entered in accordance with the provisions of this section shall be served and take effect as herein provided for original orders, and the time allowed by law to bring proceedings to review any order of the commission *shall continue* after the order denying the hearing or after the order made upon a rehearing. [MCL 479.18; MSA 22.583.]

In comparison, MCL 460.352, at issue here, provides that the time for bringing an appeal from a PSC order "*shall continue* after the order ·denying a rehearing . . . *for the same number of days now provided by law for review of the order upon which such rehearing was denied or had.*" We read this additional qualifying language as providing that the appeal period continues after denial of a rehearing for thirty more days, i.e., the same amount of time as the party originally had to file a complaint for judicial review. To interpret the statute as urged by defendants would be to hold

that the statute means the same thing with or without the language "for the same number of days now provided by law for review of the order upon which such rehearing was denied or had." We are not prepared to say that this language is mere surplusage in view of the rule of construction that ascribes to the Legislature an intent to give meaning to every word in a statute. *Michigan Harness Horsemen's Ass'n v Racing Comm'r,* 123 Mich App 388, 391; 333 NW2d 292 (1983). The PSC argues that our holding will result in one rule for public utilities and another for common carriers, both of which are regulated by the same agency. While this is true, the problem (if it is, in fact, a problem) was created by the Legislature when it used different language in the two applicable statutes.

We are also not persuaded by the second rationale stated in *Great Lakes Steel,* the need for prompt review. Our interpretation will have the effect of advancing the case by no more than thirty days. We agree with the Attorney General that the need for prompt review must be balanced against the time needed to prepare for review in an area of law that is frequently complex. We view the thirty-day time period for filing a motion for rehearing as a minimal amount of time in which to prepare the motion. Yet, under the interpretation urged by the PSC, if most of that time were used to prepare the motion for rehearing, the Attorney General would have almost no time left to file a complaint for judicial review even though the content of the complaint could be modified by action taken by the PSC on the motion for rehearing.

Reversed and remanded for further proceedings.