ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 78882. Argued May 6, 1987 (Calendar No. 15). Decided
    October 30, 1987.

The Public Service Commission issued orders authorizing South-
    eastern Michigan Gas Company to adopt a gas cost recovery
    clause and to establish monthly gas cost recovery factors for
    March, 1983, through February, 1984. The Attorney General
    filed a petition for rehearing thirty days after issuance of the
    orders, which was denied. Thirty days after the denial, the
    Attorney General brought an action in the Ingham Circuit
    Court against the MPSC, seeking review of the orders. South-
    eastern was permitted to intervene as a party defendant. The
    court, James R. Giddings, J., granted accelerated judgment for
    the defendants on the ground that it was without jurisdiction
    to consider the appeal because the appeal was not timely,
    stating that the running of the thirty-day period for review of
    an MPSC order is merely interrupted by a petition for rehearing
    and does not start anew when rehearing is denied. The Court of
    Appeals, SHEPHERD, P.J., and M. J. KELLY and TAHVONEN, JJ.,
    reversed and remanded the case to the circuit court for further
    proceedings, holding that because the action was filed within
    thirty days of the denial, it was timely (Docket No. 83528). The
    defendant appeals.

In a unanimous opinion by Justice LEVIN, the Supreme Court
    held:

A petition to the Public Service Commission for rehearing
    with respect to an order of the commission postpones the
    commencement of the running of the thirty-day period for
    judicial review of the order so that the period does not begin to
    run until the commission denies rehearing.

1. The statute providing for judicial review of a commission
    order prescribes that the number of days in which judicial
    review may be brought is the same as the number of days in

REFERENCES

Am Jur 2d, Appeal and Error §§ 292 et seq.
Tolling of time for filing notice of appeal in civil action in federal
    court under Rule 4(a)(4) of Federal Rules of Appellate Procedure.
    74 ALR Fed 516.

which a rehearing by the commission of its order may be requested. The full period for appeal begins to run following disposition of a petition for rehearing. Because the period in which to seek review by the commission of its order is thirty days, the period in which to seek judicial review is also thirty days, and that period begins to run anew from the time rehearing is denied.

2. In this case, the action seeking review of the orders at issue was filed thirty days after rehearing was denied by the commission and thus was timely.

Affirmed.

152 Mich App 427; 394 NW2d 35 (1986) affirmed.

PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — APPEAL OF OR-
DERS.

A petition to the Public Service Commission for rehearing with respect to an order of the commission postpones the commencement of the running of the thirty-day period for judicial review of an order so that the period does not begin to run until the commission denies rehearing (MCL 460.352; MSA 22.112).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson* and *Donald E. Erickson,* Assistant Attorneys General, for the plaintiff.

*Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the defendant.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Lawrence J. Gagnon* and *Ronald W. Bloomberg*) for the intervening defendant.

LEVIN, J. A statute provides that a party dissatisfied with a rate-fixing order of the Michigan Public Service Commission may file an action seeking judicial review within thirty days "from the issuance of such order and notice thereof."[1]

---

[1] Any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order

Another statute empowers the commission to grant rehearings,[2] and provides that the time allowed for commencing an action to review an order of the commission "shall continue after the order denying a rehearing or made upon a rehearing, for the same number of days" provided for review of the order upon which rehearing was sought.[3]

The question presented is whether the filing of a petition for rehearing of an order of the MPSC merely interrupts or tolls the running of the thirty-day period allowed for review of the order,

fixing any regulations, practices or services, may within *30 days* from the issuance of such order and notice thereof commence an action in the circuit court in chancery for the county of Ingham, against the commission as defendant to vacate and set aside any such order on the ground that the rate or rates, fares, charges, classifications, joint rate or rates fixed are unlawful or unreasonable, or that any such regulation, practice or service fixed in such order is unreasonable . . . . [Emphasis added. MCL 462.26; MSA 22.45.]

After this action was commenced, the foregoing provision of the statute was amended to provide that judicial review may be obtained by filing an appeal in the Court of Appeals within thirty days from the issuance and notice of the order. 1986 PA 312.

2

The Michigan public utilities commission, in any proceeding which may now be pending before it or which shall hereafter be brought before it, shall have full power and authority to grant rehearings and to alter, amend or modify its findings and orders. [MCL 460.351; MSA 22.111.]

Rule 52 of the Rules of Practice and Procedure before the commission provides that a party has thirty days after the final order in which to request a rehearing before the MPSC. See 1979 AC, R 460.62.

3

The time allowed by law for the bringing of suit to review any order of the commission, shall continue after the order denying a rehearing or made upon a rehearing, for the same number of days now provided by law for review of the order upon which such rehearing was denied or had. [MCL 460.352; MSA 22.112.]

or, alternatively, postpones the commencement of the running of the appeal period so that the appeal period does not begin to run until the motion for rehearing is acted upon. We are persuaded that the latter construction is correct. The thirty-day period begins to run anew from the time rehearing is denied.

I

The MPSC issued two orders on June 1, 1983.[4] Thirty days later, on July 1, 1983, the Attorney General filed for rehearing of both orders. Rehearing was denied three months later, on September 27, 1983. Thirty days later, on October 27, 1983, the Attorney General filed a complaint in the Ingham Circuit Court seeking review of the June 1, 1983 orders.

The MPSC moved[5] for accelerated judgment, asserting that the circuit court lacked jurisdiction because this action was not filed within the thirty-day period. Southeastern was permitted to intervene.[6]

The circuit court granted the MPSC's motion and dismissed this action[7] on the ground that it had not been timely commenced. The court ruled that the running of the thirty-day period is merely interrupted by the filing of a petition for rehearing, and that a full thirty-day period does not start anew when rehearing is denied. Since 148 days

[4] One order authorized intervening defendant Southeastern Michigan Gas Company to adopt a cost recovery clause. The second established monthly gas cost recovery factors for Southeastern for the one-year period beginning March, 1983.

[5] On November 27, 1983.

[6] The order entered by the circuit court permitted Southeastern to intervene as a defendant. In its answer, Southeastern also asserted that the Attorney General's complaint was not filed in a timely manner.

[7] On February 6, 1985.

had elapsed between the June 1, 1983 issuance of the orders and the October 27, 1983 commencement of this action, and excluding the eighty-eight days that elapsed between the filing for rehearing and denial, this action was commenced sixty days after issuance of the orders and not within thirty days.

The Court of Appeals reversed and remanded this cause to the circuit court for further proceedings.[8] The Court held that the statute provides thirty days from the denial of a petition for rehearing to file an action in the circuit court. Since the Attorney General had filed this action within thirty days of the denial of rehearing, the action was timely commenced.[9]

II

The statute provides not only that the time allowed to bring proceedings for review "shall continue" after the order denying rehearing, but that the continuation is "for the same number of days now provided by law for review of the order."[10] The additional words, "for the same number of days," mean, we are persuaded, that the period for review continues to run for a full thirty days after a denial of rehearing.

We agree with the reasoning of the Court of Appeals:

We read this additional qualifying language as providing that the appeal period continues after

---

[8] *Attorney General v Public Service Comm,* 152 Mich App 427; 394 NW2d 35 (1986).

[9] The Court of Appeals certified that its opinion conflicted with a decision of another panel of the Court in *Great Lakes Steel v Public Service Comm,* 143 Mich App 761; 373 NW2d 212 (1985), lv den 424 Mich 854 (1985).

[10] See n 3.

denial of a rehearing for thirty more days, i.e., the same amount of time as the party originally had to file a complaint for judicial review. To interpret the statute as urged by defendants would be to hold that the statute means the same thing with or without the language "for the same number of days now provided by law for review of the order upon which such rehearing was denied or had." We are not prepared to say that this language is mere surplusage in view of the rule of construction that ascribes to the Legislature an intent to give meaning to every word in a statute. [*Attorney General v Michigan Public Service Comm*, 152 Mich App 427, 431-432; 394 NW2d 35 (1986).]

### III

The MPSC and Southeastern rely on a dictionary definition of the word "continue" and on two cases construing that term.[11] Their argument might be more persuasive if the statute stated only that the time allowed for seeking review of an order of the commission "shall continue after the order denying the hearing,"[12] and did not specify that the appeal period shall continue "for the same number of days now provided for law for review of the order."[13]

---

[11] A dictionary defines "continue" as follows: "to resume an activity after interruption . . . to carry on or keep up . . . to resume after intermission . . . ." *Webster's New Collegiate Dictionary*, p 246.

*Winston Salem Masonic Temple Co v Union Guano Co*, 162 NC 87, 91; 77 SE 1106 (1913), and *Veterans Airport Service, Inc v Public Service Comm*, 5 Mich App 602, 605; 147 NW2d 455 (1967), state essentially the same definition.

[12] A similar statute discussed by the appellants, MCL 479.18; MSA 22.583, governing motor carrier appeals, does just that. It provides that "the time allowed by law to bring proceedings to review any order of the commission shall continue after the order denying the hearing or after the order made upon a rehearing." Given that difference in language, it is not surprising that the Court of Appeals in *Veterans Airport Service, supra*, construed the statute as providing for tolling.

[13] Southeastern seeks to downplay the significance of the "for the

The MPSC argues that the recent amendment of the statutory provision providing the thirty-day time limit[14] evidences a legislative intent to impose

same number of days" language by looking to the legislative histories of this statutory provision and another statute (MCL 479.18; MSA 22.583) establishing the authority of the MPSC. The Court of Appeals, it argues, wrongly concluded that the Legislature must have intended this additional language to have significance, or else it would have omitted it, as it did in the other statute. But this conclusion, Southeastern argues, is based on the erroneous assumptions that the Legislature enacted the statute containing the words "for the same number of days" subsequent to the other statute, and that the Legislature added the additional language as a qualifier.

Southeastern argues that the instant statute, containing the words "for the same number of days," was not enacted after the other statute, but ten years before the other statute was enacted. (The instant statute was enacted by 1923 PA 94, § 2. MCL 479.18; MSA 22.583, was enacted by 1933 PA 254, art V, § 18.) This shows, it argues, that the additional language was not included so as to distinguish the instant statute from the other statute. Rather, the Legislature, in drafting the language of the other statute, recognized that it could shorten the language found in the instant statute because the reader would infer that the time allowed for appeal would continue for the same number of days. And thus, Southeastern asserts, the language of the other statute is in all likelihood a mere shorthand for the language of the instant statute.

We are not persuaded by this argument. Even if Southeastern's assertion is correct (which is certainly questionable, since Southeastern offers no evidence in support of its theory that the language of the other statute is merely shorthand for the language of the instant statute), it shows nothing more than that the Legislature intended the two statutes to be construed the same. But at the time the Legislature passed the other statute, neither statute had been construed with regard to the question at issue in the present case. The Court of Appeals subsequent construction of the other statute to mean that a motion for rehearing merely tolls, rather than postpones, the commencement of the running of the thirty-day review period *(Veterans Airport Service, Inc v Public Service Comm, supra)*, does not shed light on what the Legislature intended at the time it enacted the statutes.

[14] Except as otherwise provided in section 20 of Act No. 19 of the Public Acts of 1967, being section 486.570 of the Michigan Compiled Laws, and except in the case of an appeal from a commission order described in subsection (6), any common carrier or other party in interest, being dissatisfied with any order of the commission fixing any rate or rates, fares, charges, classifications, joint rate or rates, or any order fixing any regulations, practices, or services, may within 30 days from the

a strict thirty-day limit in the aggregate. The amendment provides for direct appeals from the MPSC to the Court of Appeals instead of to the circuit court. The appeal period both before and after the amendment is thirty days. The amendment casts no light on the constructional issue presented in the instant case.

The MPSC and Southeastern argue that the similarity between the statute governing this appeal and the statutes governing motor carrier[15] and water company[16] appeals favors their position. They contend that the Legislature would not have used similar language for all three statutes if it had not intended that they be construed similarly. The statutes, they claim, provide a uniform scheme governing appeals from the MPSC.[17] The

issuance and notice of that order file an appeal as of right in the court of appeals. The court of appeals shall not have jurisdiction over any appeal that is filed later than the 30-day appeal period provided for in this subsection. [MCL 462.26; MSA 22.45, as amended by 1986 PA 312.]

[15] MCL 479.20; MSA 22.585.

[16] MCL 486.551 *et seq.;* MSA 22.1730(1) *et seq.*

[17] MCL 479.18; MSA 22.583 governs the effect of a motion for rehearing on the running of the motor carrier appeal statute, MCL 479.20; MSA 22.585. In relevant part, it reads:

All orders entered in accordance with the provisions of this section shall be served and take effect as herein provided for original orders, and the time allowed by law to bring proceedings to review any order of the commission shall continue after the order denying the hearing or after the order made upon a rehearing.

In *Veterans Airport Service, Inc v Public Service Comm, supra,* the Court of Appeals construed this language to mean that a motion for rehearing merely interrupts the running of the thirty-day appeal period, rather than postpones it.

MCL 486.565; MSA 22.1730(15) governs the effect of an application for rehearing on the running of the water companies appeal statute, MCL 486.551; MSA 22.1730(1). It reads, in relevant part:

The filing of the application for rehearing, reopening or

water company statute clearly favors, they assert, a tolling construction, and the motor carrier statute has been so construed. It is likely, they argue, that the Legislature also intended that a petition for rehearing under the instant statute merely toll the running of the period and not postpone the commencement of the running of the period. They add that construing the instant statute differently from the other statutes will only lead to needless confusion.[18]

If the three statutes were, indeed, part of a uniform scheme for dealing with MPSC appeals, that might evidence a legislative intent that the different statutes said more or less the same thing, and it might be reasonable to refer to the other statutes as guides in construing the instant statute. It does not follow that we may ignore significant differences in language.[19]

There is no reason to suppose that litigants will be confused if these statutes are not construed to have the same meaning. Lawyers will know whether they are handling a motor carrier, a general utility, or a water company case, and they can readily discern the different requirements for each.

The MPSC and Southeastern argue that allowing the appeal period to run anew after the period for

---

reconsideration shall suspend the running of the period in which an action may be brought to review such order until such time as the commission shall deny the application. Thereupon the time allowed by law for the bringing of an action to review the order of the commission shall continue running.

This language indicates, the MPSC and Southeastern claim, that the running of the thirty-day appeal period in water company appeals is merely interrupted by an application for rehearing, not postponed.

[18] They claim that Michigan courts have consistently adopted a policy that provides for greater uniformity through strict appeal periods. They cite *Sullivan v Public Service Comm,* 93 Mich App 391, 396-397; 287 NW2d 188 (1979).

[19] See *Klopfenstein v Rohlfing,* 356 Mich 197; 96 NW2d 782 (1959).

rehearing has expired would be counter to the intent of the Legislature to provide for expeditious proceedings. Southeastern further argues that the effect of giving parties an additional thirty days to seek review will be to encourage them to file for rehearing when they might not otherwise do so, thus clogging the MPSC's rehearing process.

We agree with the Court of Appeals that the additional period of time added to the appeal period—at most thirty days—is not a significant factor in the speed of review. The appeals process can, and often does, stretch on for years in MPSC cases. An additional one to thirty days is not, in that context, significant. One cannot reasonably infer from a legislative purpose to require expeditious review that tolling rather than postponement of the commencement of the running of the thirty-day review period was intended.

If there are appellants who would file a petition for rehearing solely to extend the time they have to prepare an appeal, the postponement-of-the-commencement construction of the instant statute will give them little more incentive than they would have under the tolling construction. The most extensive delay is likely to occur while the MPSC considers the petition for rehearing, which may take a number of months, as it did in this case. A party seeking to delay the proceedings gains, at most, an additional thirty days.

In this connection, we observe that it is generally considered desirable that the parties exhaust all their administrative remedies before seeking judicial review.[20]

## IV

The MPSC and Southeastern rely on decisions of this Court to support their construction of the

---

[20] See Schwartz, Administrative Law, § 172, pp 497-499.

instant statute. None are on point.[21] These cases construe statutes that are significantly different from the instant statute. Unlike the instant statute, none of them provide respecting the appeal period after filing for rehearing.

The MPSC and Southeastern claim that the common-law rule in Michigan has been that a petition for rehearing has no effect on the running of the appeal period unless a specific statute provides otherwise. The instant statute, in changing the common-law rule, should be construed, they argue, at most to interrupt the running of the thirty-day appeal period, and not to provide for renewed running of the thirty-day appeal period upon denial of the petition.

The "derogation of common law" canon of statutory construction is applicable when a court construes an ambiguous statute that arguably alters a common-law rule.[22] In the cases cited by the MPSC and Southeastern, this Court construed *statutes.* That is not the same as interpreting a statute in such a manner that it conflicts with a rule of common law.

V

The MPSC and Southeastern argue that statutes in other jurisdictions have been construed to mean that a timely petition for rehearing either does not affect the appeal period at all, or, at most, interrupts its running, but does not postpone the com-

---

[21] In *Wilkinson v Kneeland,* 125 Mich 261; 84 NW 142 (1900), and *In re Cummings Estate,* 355 Mich 210; 93 NW2d 881 (1959), the appeal period had expired before the filing of the petition for rehearing.

In *Potaschnik v Kaimola,* 216 Mich 406; 185 NW 824 (1921), the Court held that the appeal was not timely because it was not filed within the twenty days provided by the statute.

[22] See 3 Sands, Sutherland Statutory Construction (4th ed), § 61.01, pp 78-79.

mencement of running, until the disposition of the petition for rehearing.

The MPSC reading of cases from other jurisdictions, however, is flawed. Regardless of the terminology they may employ, the majority of courts hold that the full appeal period begins to run following the disposition of a petition for rehearing.[23] Only a small minority of courts have held that the filing of a petition for rehearing merely interrupts the running of the appeal period, so that, when the appeal period resumes, only the time that had not already elapsed when the petition for rehearing was filed remains at the time the petition is denied.

Some of the cases from other jurisdictions construe appeal statutes so as to allow neither interruption nor postponement.[24] These cases are not on point because the instant statute clearly requires one or the other construction.

In *Communist Party of Indiana v Whitcomb,* 414 US 441, 444-446; 94 S Ct 656; 38 L Ed 2d 635 (1974), which concerned the constitutionality of a loyalty oath, a three-judge panel of the United States District Court for the Northern District of Indiana rendered a final order on September 28, 1972. The appellants filed a motion for reconsideration on October 3. The district court denied this motion on October 4. Appellants filed a notice of appeal on November 29. The statute provided sixty days from the entry of the final order to appeal.[25] The United States Supreme Court held that the appeal was timely. "Appellant's motion for reconsideration of October 3," it said, "suspended the finality of the judgment of September 28 until the

[23] 4 Am Jur 2d, Appeal and Error, § 306.

[24] *Lauderdale by the Sea Development Co v Lauderdale Surf & Yacht Estates,* 160 Fla 929; 37 So 2d 364 (1948).

[25] 28 USC 2101(b).

District Court's denial of the motion on October 4 restored it. Time for appeal thus began to run from October 4 and the notice of appeal filed November 29 was timely."

In the state courts,[26] as well as in the federal courts,[27] "[w]here the statute provides in general terms that the appeal or proceedings in error shall be instituted within a certain time from the rendition or entry of the judgment or decree, it is the general rule that where a motion for a new trial or rehearing is seasonably and properly made, the time is to be computed from the date of the denial of the motion . . . ."[28]

---

[26] See *Trowell v Diamond Supply Co,* 47 Del 422, 430; 91 A2d 797 (1952); *Edwards v Peresich,* 221 Miss 788, 798; 74 So 2d 844 (1954); *Mechanic Falls Water Co v Public Utilities Comm,* 381 A2d 1080 (Me, 1977); *Rogers v Illinois C R Co,* 40 So 2d 403 (La, 1949); *Eldridge v Rively,* 132 SW2d 204 (Tenn, 1939); *Conradt v Lepper,* 13 Wy 99; 78 P 1 (1904).

[27]

In the Federal courts it is well established that the filing and presentation of a "timely" petition for rehearing, that is, one filed within the time allowed therefor by statute or court rule, if "entertained" by the lower court, postpones the *beginning* of the period limited for instituting appellate proceedings until the petition for rehearing is acted upon, the rule being based upon the reasoning that until such disposition of the petition for rehearing, the finality of the original judgment of the court is suspended. [Emphasis added. Anno: *Motion or petition for rehearing in court below as affecting time within which appellate proceedings must be taken or instituted,* 10 ALR2d 1075, 1077.]

See also 6A Moore, Federal Practice, ¶ 59.09[4].

[28] 4 Am Jur 2d, Appeal and Error, § 306.

There appear to be a few jurisdictions that support the MPSC and Southeastern tolling interpretation. See, e.g., *New Jersey Bell Telephone Co v Dep't of Public Utilities,* 12 NJ 568; 97 A2d 602 (1953).

Courts in other jurisdictions have stated in dicta that a motion for rehearing or a motion for new trial postpones the time allowed for an appeal of the judgment. See, e.g., *North Carolina ex rel North Carolina Utilities Comm v Norfolk S R Co,* 224 NC 762, 765; 32 SE2d 346 (1944) ("where a petition for rehearing is filed before the time for appeal has expired, it tolls the running of the time an appeal may be taken within the statutory time for appeal *from the date of denial of*

VI

We hold that under the instant statute, a petition for rehearing postpones the running of the thirty-day appeal period, so that the appeal period does not begin to run until the MPSC has decided the motion for rehearing.

The decision of the Court of Appeals is affirmed.

RILEY, C.J., and BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred with LEVIN, J.

---

the petition for rehearing") (emphasis added); *Wilson v Katzer,* 37 Wash 944, 945; 226 P2d 910 (1951) ("[t]he time for taking an appeal from the judgment began to run from the order denying a new trial, and had lapsed prior to the time the motion to vacate was made"); *Estate of Weinberger v Medlin,* 207 Neb 711, 713; 300 NW2d 818 (1981) ("time for appeal begins to run from the date the court enters the order overruling the motion for new trial, if such a motion has been timely filed").

There are also cases from some other jurisdictions that reach the same result, but on the basis of statutes that more clearly provide that the appeal period is postponed by the court's consideration of a motion for rehearing. See, e.g., *Cohen v Bd of Trustees of Immanuel Baptist Church,* 276 SW2d 26 (Ky, 1955); *Weller v Hayes Truck Lines,* 355 Mo 695; 197 SW2d 657 (1946).