172 Mich. App. 778 (1988)
432 N.W.2d 437
ATTORNEY GENERAL
v.
PUBLIC SERVICE COMMISSION
Docket No. 99680.
Michigan Court of Appeals.
Decided November 8, 1988.
Frank J. Kelley, Attorney General, Louis J. Caruso, Solicitor General, and Hugh B. Anderson and Donald E. Erickson, Assistant Attorneys General, for the Attorney General.
Don L. Keskey and Richard M. Karoub, Assistant Attorneys General, for the Public Service Commission.
Before: DANHOF, C.J., and SAWYER and D.R. FREEMAN,[*] JJ.
PER CURIAM.
Plaintiff, the Attorney General, appeals as of right a circuit court order granting summary disposition to defendant Michigan Public Service Commission (MPSC) which resulted in dismissal of the case.
On February 11, 1986, defendant MPSC issued an order regarding a power supply and cost review concerning intervening defendant, The Detroit Edison Company. Plaintiff petitioned the MPSC for a rehearing on that ruling on March 3, 1986. The MPSC denied plaintiff's petition for rehearing in an order dated August 26, 1986. The MPSC mailed this *780 order to plaintiff on August 26, 1986, and plaintiff received it on August 27, 1986. Plaintiff filed an appeal of the MPSC'S ruling with the circuit court on September 26, 1986, thirty-one days after the order denying plaintiff's petition for rehearing was issued and mailed, and thirty days after plaintiff received notice of the order.
Defendant MPSC moved for summary disposition, contending that plaintiff's appeal to the circuit court was not timely filed and, therefore, the circuit court lacked jurisdiction to review the matter. The circuit court granted the MPSC'S motion in an opinion and order dated March 13, 1987.
Orders of the MPSC are appealable under MCL 462.26; MSA 22.45. Attorney General v Public Service Comm, 152 Mich App 427; 394 NW2d 35 (1986), aff'd 429 Mich 248; 414 NW2d 687 (1987); Sullivan v Public Service Comm, 93 Mich App 391, 395; 287 NW2d 188 (1979). Section 26 provides that a party dissatisfied with an order of the MPSC may file an action in circuit court seeking judicial review "within 30 days from the issuance of such order and notice thereof."[1] MCL 460.351; MSA 22.111 authorizes the commission to grant rehearings. A petition for rehearing postpones the running of the thirty-day appeal period, so that the appeal period does not begin to run until the MPSC has issued its decision on the motion for rehearing. MCL 460.352; MSA 22.112, Attorney General v Public Service Comm, supra, 429 Mich 248.
The question on appeal is whether the thirty-day period is calculated from the time that notice of the MPSC decision is mailed or from the time that the notice is actually received. Plaintiff claims that *781 the words "notice thereof" in MCL 462.26; MSA 22.45 mean that the thirty days should be calculated from the date that actual notice is received. In defendant MPSC'S view, the thirty days should be calculated from the date that notice is mailed. We are persuaded that the latter construction is correct.
In resolving this issue, we are guided by the following rules of statutory construction. When a statute is unambiguous, further interpretation by the court is precluded. The Detroit Edison Co v Michigan Air Pollution Control Comm, 167 Mich App 651, 658; 423 NW2d 306 (1988). However, if an ambiguity exists, it is the duty of the court to give effect to the intention of the Legislature in enacting the statute. To resolve an ambiguity, a court will look to the object of the statute and the evil or mischief which it is designed to remedy and apply a reasonable construction which best accomplishes the statutory purposes. Additionally, ambiguous statutes are to be interpreted as a whole and construed so as to give effect to each provision and to produce a harmonious and consistent result. Specific words in a given statute are to be assigned their ordinary meaning, unless a different interpretation is indicated. Id.; Action Auto, Inc v Anderson, 165 Mich App 620, 628; 419 NW2d 36 (1988). We are in agreement with the circuit court that "notice thereof" as it is used in MCL 462.26; MSA 22.45 is ambiguous and, therefore, subject to judicial interpretation.
We agree with the circuit court that the legislative intent for inserting "notice thereof" was to ensure that the commission would send prompt notice to the parties and that the time allowed for a party to appeal would not be effectively denied or decreased by commission delay in sending notice.[2] *782 As aptly noted by the circuit court, there are several policy reasons for concluding that "notice thereof" means "mailing." There is a proof of service requirement already in place for every MPSC order which clearly states the date of mailing. This renders the appeal period easily and uniformly identifiable and consistent. There is no provision for a proof of receipt of notice. To require a proof of receipt of notice to be filed would be cumbersome, open to fraud, and not consistent with other administrative and court procedures. Treating mailing of notice as notice thereof would be consistent with other appeal provisions which specifically state that mailing is the trigger event. See, e.g., MCL 24.304(1); MSA 3.560(204)(1), MCR 7.302(C)(2), and MCR 7.104(B)(1). Plaintiff has not cited to this Court any statute, court rule or case law where actual receipt of notice triggers the running of an appeal period.
We hold that the thirty-day appeal period under MCL 462.26; MSA 22.45 begins to run when notice of the issuance of an order is mailed by the MPSC. The thirty-day period should be calculated pursuant to MCR 1.108.
The appeal period in the present case began to run on August 26, 1986, the date of mailing of notice of the MPSC order. Not counting that date, plaintiff waited thirty-one days to file its appeal in circuit court. Plaintiff's appeal was, therefore, untimely under MCL 462.26; MSA 22.45 and was properly dismissed by the circuit court.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] After this action was commenced, this provision of the statute was amended by 1986 PA 312, effective April 1, 1987, to provide that judicial review may be obtained by filing an appeal in the Court of Appeals within thirty days from the issuance and notice of the order.
[2] Under 1986 PA 312, which amended MCL 462.26; MSA 22.45, the party desiring to appeal a commission order need only file a claim of appeal with the Court of Appeals within the thirty-day period to preserve his or her right of appeal. MCR 7.204(B).